1           Tell her by your verdict that you believe

2    her. Tell him by your verdict that you know what

3    he did to her from 1997 to 2000 here in New York.

4    Tell him by your verdict that you know that he put

5    his penis in Ashley Martinez's vagina when she was

6    12 years old because there was no reason for her to

7    make this up. Tell him by your verdict that you

8    know that this happened here in Queens county

9    ladies and gentlemen and you are not going to let

10    him get away with it.

11           MR. JOHNSTON: I am going to be object to

12    that judge.

13           THE COURT: Sustained.

14           MS. MALIK: I am going to ask each and

15    every one of you ladies and gentlemen of the jury

16    to return the only just and the only right and the

17    only correct verdict for this case and that is a

18    verdict of guilty. Thank you.

19           THE COURT: Members of the jury we now

20    come to the point in the trial where I instruct you

21    on the law and you will retire for your

22    deliberations with a view towards reaching a

23    verdict.

24           We are here to assure that a just and

25    fair result be reached in this case without regard

1    to sympathy prejudice or passion.  The process by

2    which you are to evaluate the evidence is first to

3    determine the facts and second to apply the

4    applicable law as I outline it for you in my

5    charge.  And when all of you have agreed that will

6    be your verdict and you will report it to the

7    court.

8             In our system of justice you and I have

9    separate roles. You are the sole and exclusive

10   judge of the facts.  And I am the sole judge of the

11   law.  The court has no opinion as to the guilt or

12   non guilt of the defendant.  That is your function.

13   You must determine from all the evidence before you

14   whether or not the defendant is guilty or not

15   guilty of the charges that I submit to you.

16            Any reference that I may make to the

17   facts in my charge is not intended to interfere

18   with your recollection of the facts.  Your

19   recollection of the facts must provide -- you must

20   determine from all the evidence and the sworn

21   testimony that you heard from the witness stand and

22   the exhibits that were accepted into evidence what

23   the facts are.

24            On the other hand you must accept the law

25   as I give it to you whether you agree with it or

1    not. You may not substitute what you think the law

2    should be.  My function during the course of the

3    trial is to see that the case is properly

4    conducted.  It is my responsibility to see that the

5    rules of evidence are observed.

6         During the course of the trial it's been

7    necessary for me to rule on the admission of

8    evidence and on motions made with respect to

9    applicable law. You must not infer from any such

10   ruling that I have made or anything that I have

11   said during the course of the trial that I hold any

12   views as to the guilt or non guilt of the

13   defendant.

14        During the trial I have sustained

15   objections to questions that were asked and I --

16   without permitting the witness to answer or where

17   an answer was made I instructed that the answer be

18   stricken and that you dismiss it from your minds.

19   And answers that had been stricken from the record

20   are no longer part of the evidence in the case.

21        I charge you that you must not draw any

22   inference from any unanswered question or any

23   testimony that has been stricken from the record

24   and which you were instructed to disregard.

25        An indictment is not evidence.  I charge

1    you that the bringing of an indictment by a Grand

2    Jury does not in any way either prove or tend to

3    prove the guilt of the defendant. An indictment

4    cannot be considered by you as proof whatsoever of

5    the defendants guilt or any factor to prove his

6    guilt.

7            The indictment is only an accusation.

8    It's a charge of criminal activity against the

9    defendant brought by a Grand Jury and only serves

10   as a mechanism for bringing the defendant to trial.

11           We now come down to the fundamental

12   principles of our law that apply in all criminal

13   trials.   The presumption of innocence.   The burden

14   of proof and the requirement of proof beyond a

15   reasonable doubt.

16           Throughout these proceedings the

17   defendant is presumed to be innocent.  As a result

18   you have must find the defendant not guilty unless

19   on the evidence presented at this trial you

20   conclude that the People have proven the defendants

21   guilt beyond a reasonable doubt.

22           In determining whether the People have

23   satisfied their burden of proving the defendant

24   guilty beyond a reasonable doubt you may consider

25   all of the evidence presented whether by the People

1    or by the defendant.  In doing so however remember

2    that even though the defendant introduced evidence

3    the burden of proof remains on the People.  The

4    defendant is not required to prove that he is not

5    guilty.

6            In fact the defendant is not required to

7    prove or disprove anything.  To the contrary the

8    People have the burden of proving the defendant

9    guilty beyond a reasonable doubt.  That means

10   before you can find the defendant guilty of a crime

11   the People must prove beyond a reasonable doubt

12   every element of the crime including that the

13   defendant is a person who committed that crime.

14           The burden of proof never shifts from the

15   People to the defendant.  If the People fail to

16   satisfy their burden of proof you must find the

17   defendant not guilty.  If the People satisfy their

18   burden of proof you must find the defendant guilty.

19           What does our law mean when it requires

20   prove of guilty beyond a reasonable doubt.  The law

21   using the term proof beyond a reasonable doubt to

22   tell you how convincing the evidence of guilt must

23   be to permit a verdict of guilty.

24           The law recognizes that in dealing with

25   human affairs there are very few things in the

1      world that we know with absolute certainty.

2      Therefore, the law does not require the People to

3      prove the defendant guilty beyond all doubt.

4              On the other  hand it's not sufficient to

5      prove that the defendant is probably guilty.  In a

6      criminal case the proof of guilt must be stronger

7      than that.  It must be beyond a reasonable doubt.

8      A reasonable doubt is an honest doubt of the

9      defendants guilt for which a reason exists based

10     upon the nature and the quality of the evidence.

11             It is an actual doubt and not an

12     imaginary doubt. It is a doubt that a reasonable

13     person acting in a matter of this importance would

14     be likely to entertain because of the evidence that

15     was presented or because of the lack of convincing

16     evidence.  Proof of guilty beyond a reasonable

17     doubt is proof that leaves you so firmly convinced

18     of the defendants guilt that you have no reasonable

19     doubt of the existence of and of any element of the

20     crime or of the defendants identity as the person

21     who committed that crime.

22             In determining whether or not the People

23     have proven the defendants guilt beyond a

24     reasonable doubt you should be guided by a full,

25     fair, evaluation of the evidence. After carefully

1    evaluating that evidence each of you must decide

2    whether or not that evidence convinces you beyond a

3    reasonable doubt of the defendants guilty.

4         Whatever your veredicto may be it must

5    not rest upon baseless speculation nor may it be

6    guided in any way by bias, prejudice, sympathy or

7    by a desire to put an end to your deliberations or

8    to avoid an unpleasant duty.

9         If you are not convinced beyond a

10   reasonable doubt that the defendant is guilty of a

11   charged crime you must find the defendant not

12   guilty of that crime.  If you are convinced beyond

13   a reasonable doubt that the defendant is guilty of

14   a charged crime you must find the defendant guilty

15   of that crime.

16        I have used the word evidence many times.

17   What is evidence. Evidence consists of sworn

18   testimony relayed both on direct and cross

19   examination.  Also exhibits the court permitted to

20   be received and marked into evidence. That is all

21   the evidence that there is in this case.  And it is

22   only on this evidence that you are to make your

23   final determination of the facts.

24        Questions in and of themselves are not

25   evidence.  Therefore, you cannot infer any fact from

1    the mere asking of a question. It is the answer

2    coupled with the question that constitutes

3    evidence.  Using an example that I used earlier if

4    a witness were asked a question do you own a car

5    and the witness answered no you may not infer from

6    the mere asking of that question that a witness

7    owned the car.

8            From time to time I did ask some

9    questions. I did so only because I put myself in

10   your shoes. I asked these questions to try and

11   assist you.  You are to consider the answers given

12   to my questions in the same manner that you will

13   consider all answers given to all questions asked

14   during the course of the trial.  You are not to

15   attach any greater weight because I asked a

16   question.

17           Items that I have excluded from your

18   consideration were excluded because they were not

19   legally admissible. The law does not require you to

20   accept all the evidence that I have admitted.  It

21   is your job to determine what evidence you will

22   accept.  Each of you must make your own evaluation

23   of the testimony given by the witnesses. You are

24   the judges of the facts.  You will determine the

25   degree or weight that you choose to give to a

1    witnesses testimony.  These rules apply to all

2    witnesses including police officers.  Their

3    testimony does not deserve any greater or lesser

4    believability simply because of their official

5    status.

6                There is no magical formula by which you

7    are to evaluate testimony. You are to employ your

8    experience in life and your own every day common

9    sense that you are called upon to determine the

10   reliability or unreliability of statements made to

11   you by others.  Those tests that you use in your

12   every day lives in sizing up people and in deciding

13   whether or not they are telling the truth are the

14   same tests that you will apply in your

15   deliberations in this case.

16               You may consider that the testimony of

17   any witness may fail to conform to the facts as

18   they occurred because the witness is intentionally

19   telling a falsehood or because the witness did not

20   accurately see or hear about which the witness is

21   testifying to or the recollection of facts are

22   faulty or because the witness or witnesses have not

23   expressed themselves clearly in giving their

24   testimony in the courtroom.

25               Also the interest or lack of interest of

1      any witness in the outcome of this case or the bias

2      of any witness should there be any.  You may also

3      consider the age, the appearance, the manner in

4      which a witness or witnesses gave that testimony

5      from the witness stand. And you may consider the

6      probability or improbability of the witnesses

7      testimony when viewed in light of all the other

8      evidence in the case.

9              If it appears that there is a discrepancy

10     in the testimony -- I am sorry, a discrepancy in

11     the evidence consider whether or not the apparent

12     discrepancy may be reconciled by fitting the two

13     stories together. If that is not possible then you

14     will have to determine which of the conflicting

15     versions you will accept.

16             If you find that any witness has

17     willfully testified falsely as to any material fact

18     you may disregard the entire testimony of that

19     witness or you may if you wish give credit to so

20     much of the testimony that you find supported by

21     other credible testimony. You may accept all of

22     such witnesses testimony, accept that which you

23     have found he or she testified truthfully to or

24     none of it or part of it that is for you to

25     determine.

1      You have heard the testimony about the

2   prosecutor or defense counsel or investigator

3   speaking to a witness about the case before the

4   witness testified at this trial.  The law does not

5   prohibit a prosecutor or a defense attorney or

6   investigator from speaking to a witness about a

7   case before the witness testifies.

8      Nor does it prohibit the prosecutor or

9   the defense attorney or investigator from reviewing

10   with witnesses the questions that will be asked at

11   trial.  You may have also heard the testimony that

12   a witness read certain material pertaining to this

13   case before the witness testified at trial.  The

14   law does not prohibit a witness from doing so.

15      Sometimes a witness will be asked a

16   question and then answer that he or she cannot

17   remember what is being asked for. But that he or

18   she may be able to refresh his or her recollection,

19   memory if given an opportunity to examine something

20   usually a document.  The witness may then be given

21   the document and permitted to read it silently to

22   him or herself.

23      If that document refreshes the witnesses

24   recollection and again memory the witness will then

25   answer.  The question and the answer is evidence.

1    The document that was used to refresh the witnesses

2    recollection may or may be marked for

3    identification. In most instances that document

4    will not be received in evidence.  And thus that

5    document is not available for your inspection or

6    consideration.  But the question with the answer

7    that the witness gave will be evidence for your

8    consideration.

9         Although not required to do so the

10   defendant in this case testified on his own behalf.

11   His testimony should be considered by you as you

12   would the testimony of any other witness.  The

13   defendant is of course an interested witness.

14   Interested in the outcome of this trial. You may as

15   jurors wish to keep such interest in mind in

16   determining the weight and the credibility to be

17   given to his testimony.

18        You should not reject the testimony of a

19   defendant merely because of his interest. It is

20   your duty as in the case of all witnesses to accept

21   such testimony of the defendant that you believe to

22   be truthful and reject only such testimony that you

23   believe to be false.  It is the quality of the

24   testimony that is controlling not the quantity of

25   the testimony or the number of witnesses testifying

1        for one side as against the other.

2                The testimony of one witness if you find

3        such testimony credible and you are satisfied from

4        that testimony and from all the other evidence that

5        is offered of the defendants guilt beyond a

6        reasonable doubt it is sufficient to convict.

7                We have heard the testimony of 2

8        witnesses who have been declared to be experts.

9        One of them a Ms. Jamie Hoffman-Rosenfeld who was

10       found to be an expert by the court of pediatric

11       medicine and child sexual abuse.  And we had heard

12       from a Dr. Don Lewittes who was found by the court

13       to be an expert in clinical psychology and child

14       adolescent sexual abuse.

15               Ordinarily, a witness is limited to

16       testifying about facts and is not permitted to give

17       an opinion.  However, where scientific, medical or

18       technical or other specialized knowledge will help

19       a jury to understand the evidence and to determine

20       a fact in issue a witness with expertise in a

21       specialized field may render opinions about such

22       matters.

23               You should evaluate the testimony of such

24       witnesses just as you would the testimony of any

25       other witness. You may accept or reject the

1        testimony in whole or in part just as you may with

2        respect to the testimony of any other witness.

3            In deciding whether or not to accept such

4        testimony you should consider the following.  The

5        qualifications and believability of the witness.

6        The facts and circumstances upon which the

7        witnesses opinion was based. The accuracy or

8        inaccuracy, any assumed or hypothetical facts on

9        which the opinion was based. The reason given for

10       the witnesses opinion and whether the witnesses

11       opinion is consistent or inconsistent with other

12       evidence in the case.

13           Also in this trial there were references

14       to alleged sexual contact between the defendant

15       Ashley Martinez in Florida between the year 2001

16       and 2004.  He is not being charged in this trial

17       with those acts.  The reference in this trial to

18       those alleged incidents was permitted solely to aid

19       you in evaluating the reasons surrounding Ashley

20       Martinez's delayed reporting the crimes charged in

21       this indictment.

22           You must not under any circumstances

23       indulge in speculation or guesswork nor are you to

24       consider anything outside the evidence.  Nothing.

25       Do not try to being detectives.  Do not try to

vld

1    conjecture what you would do or what might have

2    been done or could have been done.  Your own

3    recollection, understanding and evaluation of the

4    facts presented in this trial is what are

5    controlling.

6            Regardless of what counsel on both sides

7    of the case may say about the facts and regardless

8    of what the court may say about the facts.  You are

9    not to consider anything that I have said during

10   the trial or any questions that I may have asked or

11   anything that I may say to you during the course of

12   this charge as indicative that I have any opinion

13   on this case one way or the other.

14           Our law provides that in determining your

15   verdict you may not consider or speculate

16   concerning matters relating to sentence or

17   punishment.  You are not to discuss such matters

18   nor should your deliberations in any way be

19   influenced by such matters.

20           If you render a verdict of guilty I am

21   required to impose sentence in accordance with the

22   law. The jury has no function relating to sentence

23   or punishment and such matters are wholly

24   immaterial to your deliberations. Nor are you to be

25   effected by other consideration outside the

1   evidence or by what the reaction to your verdict

2   may be whether it be popular or unpopular. Whether

3   it pleases or displeases anyone. Nor shall sympathy

4   be of any concern to the jury.

5          I have tried avoiding stating to you my

6   memory of the facts as testified. The reason for

7   that reluctance is that I may omit testimony or on

8   the other hand emphasize certain testimony that

9   would be prejudicial to the People or to the

10  defendant even if I do so subconsciously. A juror

11  may think that I thought certain testimony

12  unimportant or other testimony important.

13         The law states that you are the sole

14  judges of the facts and it's not the court. It's

15  for you to judge what evidence is credible and

16  whether you deem important. Counsel entered the

17  evidence from their own point of view. Each through

18  inferences from the evidence. You should consider

19  but you are not bound by any of those arguments.

20         You may draw your own inferences from the

21  evidence.  It is your obligation to calmly,

22  patiently and intelligently discuss the evidence in

23  this case and the inferences that you draw

24  therefrom and to reason with each other to make an

25  honest effort to agree on the facts and to accept

1    the law as I give it to you.

2                We now come to you time that I will

3    explain the law that applies to the crimes alleged

4    in this indictment.

5                The first count is rape in the first

6    degree.  Under our law a person is guilty of rape

7    in the first degree when he engages in sexual

8    intercourse with another person who is less than 13

9    years old and the actor is 18 years old or more.

10               Under our law it is also an element of

11   this offense that the sexual intercourse was

12   committed without the consent of that other person.

13   Sexual intercourse takes place without a persons

14   consent when that person is deemed by law to be

15   incapable of consent.

16               And under our law a person is deemed

17   incapable of consenting to sexual intercourse when

18   she is less than 13 years old.  Thus sexual

19   intercourse with such a person is always deemed to

20   be without that persons consent even if in fact

21   that person did consent.

22               It is not a defense to this charge that

23   the actor did not know that the person with whom

24   the actor had sexual intercourse was less than 13

25   years old or that the actor believed that such

1    person was 13 years old or more at the time on the

2    date of the crime.

3              The term sexual intercourse used in this

4    definition -- I am sorry. The term sexual

5    intercourse used in this definition of this crime

6    has it's own special meaning in our law.  I will

7    give you the meaning of that term.

8              Sexual intercourse means any penetration

9    however slight of the penis into the vaginal

10   opening.  In other words any penetration of the

11   penis into the vaginal opening regardless of the

12   distance of penetration constitutes an act of

13   sexual intercourse.

14             Sexual intercourse does not necessarily

15   require erection of penis, emission or orgasm.

16             In order for you to find the defendant

17   guilty of this crime the People are required to

18   prove from all the evidence in the case beyond a

19   reasonable doubt both of the following 2 element.

20   One  -- I am sorry, 3 elements.

21             One, that on or about November 30 in 2004

22   in the county of Queens the defendant Abu Khan

23   engaged in sexual intercourse with Ashley Martinez.

24             Two, that Ashley Martinez was less than

25   13 years old.

1       And three, that the defendant was 18

2   years old or more.

3       Therefore if you find that the People

4   have proven beyond a reasonable doubt each of those

5   element you must find the defendant guilty of the

6   crime of rape in the first degree as charged in the

7   first count.

8       On the other hand if you find that the

9   People have not proven beyond a reasonable doubt

10  either one or more of those elements you must find

11  the defendant not guilty of the crime of rape in

12  the first degree as charged in the first count.

13      The second count is course of sexual

14  conduct between a child in the second degree.

15      Under our law a person is guilty of

16  course of sexual conduct against a child in the

17  second degree when over a period of time not less

18  than 3 months in duration he engages in 2 or more

19  acts of sexual conduct with a child who is

20  incapable of consent by reason of being less than

21  11 years old.

22      I will now give you the meaning of the

23  following terms of sexual conduct and incapable of

24  consent.  Sexual conduct means sexual intercourse

25  or sexual contact.  Sexual intercourse has it's own

1    special meaning.

2              Sexual intercourse means any penetration

3    however slight.  Sexual contact means any touching

4    of the sexual or intimate parts of a person not

5    married to the actor for the purpose of gratifying

6    sexual desire of either party.  It includes the

7    touching of the -- it includes the touching of the

8    actor by the victim as well as the touching of the

9    victim by the actor whether directly or through

10   clothing.

11             Under New York law a person is incapable

12   of consenting to such sexual conduct when that

13   person is less than 11 years old.  And it is not a

14   defense to a charge of course of sexual conduct

15   against a child in the second degree that the actor

16   did not know whether the person that he engaged in

17   sexual conduct with was less than 11 years old or

18   that the actor believed that the person was 11

19   years old or more or the date of the crime.

20             In order for you to find the defendant

21   guilty of this crime the People are required to

22   prove from all the evidence in the case beyond a

23   reasonable doubt both of the following 2 element.

24             One, that over a period of time not less

25   than 3 months in duration namely on or about and

between January 1 in 1997 in the county of Queens let me go over that first element again. It's 2.

One, that over a period of not less than 3 months in duration namely on or between January 1, 1997 and December 31 in the year 2000 in the county of Queens the defendant Abu Khan engaged in 2 or more acts of sexual conduct with Ashley Martinez to wit; that the defendant did place his hands on her breasts and place his penis in the hands of Ashley Martinez.

And two, that Ashley Martinez was incapable of consent because she was less than 11 years old.

Therefore, if you find that the People have proven beyond a reasonable doubt both of those elements you must find the defendant guilty of a course of sexual conduct against a child in the second degree as charged in the second count.

On the other hand if you find that the People have not proven beyond a reasonable doubt either one or both of those elements you must find the defendant not guilty of the crime of course of sexual conduct against a child in the second degree as charged in the second count.

The third count is endangering the

1    welfare of a child. Under our law a person

2    endangers the welfare of a child when this person

3    knowingly acts in a manner likely to be injurious

4    to the physical, mental or moral welfare of a child

5    less than 17 years old.

6              The term knowingly has it's own special

7    meaning under our law.  I will give you the meaning

8    of that term. A person knowingly acts in a manner

9    likely to be injurious to the physical, mental or

10   moral welfare of a child when this person is aware

11   that he is acting in such manner.  Actual harm to

12   the child need not result.

13             The defendant must act in a manner which

14   is likely to be injurious to the physical, mental

15   or moral welfare of a child knowing of a likelihood

16   of such injury.  Knowledge of the age of the child

17   is not an element of the crime and it is not a

18   defense to this charge that the defendant did not

19   know the age of the child or believe that the

20   child -- and believed the age of the child to be 17

21   years or more.

22             In order for you to find the defendant

23   guilty of this crime the People are required to

24   prove from all the evidence in the case beyond a

25   reasonable doubt each of the following 3 elements.

vld

1        One, that on or about November 30 of 2004

2    in the county of Queens the defendant Abu Khan

3    acted in a manner likely to be injurious to the

4    physical, mental or moral welfare of Ashley

5    Martinez.

6        Two, that the defendant did so knowingly.

7    And three, that Ashley Martinez was less than 17

8    years old.

9        Therefore if you find that the People

10   have proven beyond a reasonable doubt each of those

11   elements you must find the defendant guilty of the

12   crime of endangering the welfare of a child as

13   charged in the third count.

14       On the other hand if you find that the

15   People have not proven beyond a reasonable doubt

16   any one or more of those elements then you must

17   find the defendant not guilty of the crime of

18   endangering the welfare of a child as charged in

19   the third count.

20       And in the forth and final count.  That

21   count is sexual abuse in the second degree.  Under

22   our law a person is guilty of sexual abuse in the

23   second degree when he subjects another person to

24   sexual contact and when such other person is less

25   than 14 years old.

1               Under our law it is also an element of

2       this offence that the sexual contact was committed

3       without the consent of that other person.  And

4       sexual contact takes place without a persons

5       consent when that person is deemed by law to be

6       incapable of consent and under our law a person is

7       deemed incapable of consenting to sexual contact

8       when she is less than 14 years old.

9               Thus, sexual contact with such a person

10      is always deemed to be without that persons

11      consent.  Even if in fact the person did consent.

12      It is not a defense to this charge that the actor

13      did not know that the person with whom the actor

14      had sexual contact was less than 14 years old or

15      that the actor believed that such person was 14

16      years old or more on the date of the crime.

17              The term sexual contact used in this

18      definition has it's own special meaning under our

19      law. Sexual contact means any touching of the

20      sexual or other intimate parts of a person not

21      married to the actor for the purpose of gratifying

22      the desires of either party. It includes the

23      touching by the actor -- I am sorry.

24              It includes the touching of the actor by

25      the person as well as the touching of that person

1   by the actor whether directly or through clothing.

2              In order for you to find the defendant

3   guilty of this crime the People are required to

4   prove from all the evidence in the case beyond a

5   reasonable doubt both of the following 2 elements.

6              One, that on or about November 30 of 2004

7   in the county of Queens the defendant Abu Khan

8   subjected Ashley Martinez to sexual contact by

9   touching the breasts of Ashley Martinez with the

10  hands of the defendant.

11             And two, that Ashley Martinez was less

12  than 14 years old.

13             Therefore if you find that the People

14  have proven beyond a reasonable doubt both of those

15  elements then you must find the defendant guilty of

16  the crime of sexual abuse in the second degree as

17  charged in the fourth count.

18             On the other hand if you find that the

19  People have not proven beyond a reasonable doubt

20  either one or both of those elements then you must

21  find the defendant not guilty of the crime of

22  sexual abuse in the second degree as charged in the

23  fourth count.

24             Members of the jury up to now you have

25  been admonished numerous times not to discuss this

1    case among yourselves or form any conclusions about

2    it until after you have heard the entire case.  Now

3    you have heard the entire case and you can express

4    your views.

5           I am sure that I do not have to tell you

6    about the manner in which you fulfill your

7    responsibility is a sacred responsibility.  When

8    you enter the room to deliberate you may find

9    various opinions and conclusions among yourselves.

10          As jurors you have a duty to consult with

11   one another and to deliberate with a view to

12   reaching an agreement that can be done without

13   violence to individual judgment.  You should make

14   every effort to consider the various views

15   expressed by your fellow jurors and make every

16   effort to come to and agreement which would speak

17   the truth as far as the facts of this particular

18   case are concerned.

19          You must not go into the jury room with a

20   closed mind and refuse to listen to the opinions of

21   other jurors and decline to discuss the evidence

22   with them. You should always be open to reason and

23   to listen to the opinions of others in the jury

24   room. You should not hesitate to reexamine your own

25   views and change your opinion if convinced that

1       it's erroneous.

2                       However, you have a right if you believe

3       that you are right to stick to your argument and

4       your conclusions and you should not surrender your

5       honest convictions as to the weight or the effect

6       of evidence solely because of the opinion of other

7       jurors nor for the mere purpose of returning a

8       verdict.

9                       All I am saying is that you should not

10      close your mind so to prejudice the conclusion to

11      be arrived at without listening to the arguments

12      voiced by the other jurors who I am sure are just

13      as much interested in coming to an honest decision

14      in this case.  You must decide the case for

15      yourselves but only after an impartial

16      consideration of the evidence with your fellow

17      jurors for the purpose of harmonizing your views

18      and decision in the interest of fair play with the

19      views of the other jurors.

20                      Traditionally juror number one acts as

21      the foreperson. In order that the deliberations may

22      proceed in an orderly fashion you must have a

23      foreperson.  Of course her vote is entitled to no

24      greater weight than that of any other juror.

25                      And again members of the jury I to assist

1    you in your final deliberations I have prepared a

2    written sheet what is called a verdict sheet which

3    contains a list of the charges that are -- that

4    have been submitted against the defendant.  And

5    that sheet also lists the options and the choices

6    that you may make after listening to all the

7    evidence and having a chance to discuss the

8    evidence.

9            What I will do is read that sheet to you.

10   And for the record it's an 8 inch by 11 sheet of

11   paper reading from top to bottom.  Verdict sheet.

12   Under score People versus Abu Khan.  Under

13   indictment number 2147 of 06.  It's obviously

14   divided in three columns. The first column will

15   have the count and the charge. The next column will

16   be a column headed by the word guilty and the third

17   column is headed by the words not guilty.

18           So as you pan down the page and read from

19   left to side it's in the first column count number

20   one Penal law section 130.35 subdivision (4), rape

21   in the first degree.  Next to that in the second

22   column. A line under guilty.  In the next column a

23   line under the word not guilty.

24           Pan down further it will have count

25   number 2 Penal law section 130.80 the charge is

1   course of sexual conduct against a child in the

2   second degree. A line under guilty. A line under

3   not guilty.

4            Still further down count number 3 reading

5   from left to right Penal law section 260.10

6   subdivision (1), endangering the welfare of a

7   child. A line under guilty.  A line under not

8   guilty.  And the final count 4 Penal law section

9   130.60 subdivision (2).  Sexual abuse in the second

10  degree. A line under guilty and a line under not

11  guilty.  And the last words on this page is on a

12  line headed by the title foreperson.  In order for

13  you to come to a verdict on any of these counts

14  that verdict being either guilty or not guilty.

15           All 12 of you must agree so that's the

16  only time that a marking can be made on the form as

17  to your verdict on either count is if it's a

18  unanimous verdict again meaning that all 12 of you

19  agree. That verdict will be either guilty or not

20  guilty.  And you can choose to address any of these

21  charges in any order you choose. Either from the

22  top to bottom. Bottom to the top or any combination

23  that you choose.

24           Once you reach a verdict and are

25  unanimous on either of these counts your foreperson

1       will make a marking or a check or an X mark on the

2       line next to the count that represents your

3       verdict.  Once you have reached a verdict on all 4

4       counts then your foreperson will of course sign her

5       name to the bottom of that form and you will send a

6       note out to me indicating that you have reached a

7       verdict in this case.

8               The court officer will bring a copy of

9       the verdict sheet to the jury room when you retire

10      for your final deliberations.  At any time during

11      the deliberations you have any questions concerning

12      your review of any offenses listed on the list

13      please feel free to send in a note in writing to me

14      and I will respond to that question.  If your

15      recollection of certain testimony should fail or if

16      you should find yourselves in doubt as to any of my

17      instructions on the law you may return to the court

18      for the purpose of having such testimony or

19      instructions read to you.

20              And your communication with me would be

21      in the form of again your question on a sheet of

22      paper signed by your foreperson as to the notes

23      that you send to me if you choose to do so or need

24      to do so.  What I will do in this case or what I do

25      in every case is to make sure that I give you all

1     the information that you want and nothing more. So

2     for me to accomplish that goal I will need you to

3     be as clear to me as you can as to what it is that

4     you need.

5              For example, if you write a note to say

6     that you would like the instruction on the law

7     reread.  Well, what that means to me is that you

8     want everything reread.  So if you instead say what

9     you wanted was count one or count 2 or 4 the

10    elements or the entire charge then the more clear

11    that you are with me as to exactly what you are

12    looking for the more that I can make sure that I am

13    giving you everything what you ask for and nothing

14    more.

15             In the testimony of any witness.  If you

16    want to hear the entire testimony.  If you want to

17    hear the direct or cross.  To the extent that you

18    can let us know we will get that to you.  If there

19    is a part of any testimony of any witness on any

20    subject and I have no idea. Lets say that this is a

21    car theft case.  And you were looking for the time

22    of the theft.  Then if you were to send a note out

23    to me would you find in the record where various

24    witnesses had described what time that theft took

25    place.  Then what we will do is to search the

vld

1    record and find looking for the time that the car

2    theft took place and when you come back in simply

3    giving the time of theft.

4              All of this is an example of how I will

5    try to make sure that I to the best of my ability

6    to give you everything that you want and nothing

7    more.  And I would need your help in that effort.

8              Upon your request the exhibits received

9    in evidence will be furnished to you in the jury

10   room. Now before you retire to the jury room to

11   deliberate I make it a practice to inquire of the

12   attorneys one last time if they feel that I have

13   omitted anything from the charge.  If I have I will

14   charge you further.  If I have not I will have a

15   few more words with you.

16              (Whereupon, a side-bar record begins.)

17              THE COURT: Any exceptions.

18              MR. JOHNSTON:  No.

19              THE COURT:  People.

20              MS. MALIK:  No.

21              THE COURT: Defense any further requests.

22              MR. JOHNSTON:  No.

23              THE COURT:  People.

24              MS. MALIK:  No.

25              THE COURT:  All right.

1          (Whereupon, a side-bar record concludes.)

2          THE COURT: As you know we had taken

3     the -- anticipated that we would be working through

4     lunch.  So a lunch order has been taken from you.

5     It has not yet arrived.  But once it arrives it

6     will be brought in to you.  And while it's your

7     decision you can either still speak with each other

8     evaluating the evidence over lunch or choose not

9     to, it's your decision.

10         I often find that having you know to sit

11    and talk as you are eating and not but it's your

12    decision once lunch arrives as to whether or not

13    you wish to continue your deliberations over lunch.

14         We have 2 alternates.  They will at this

15    point be separated from the main 12 jurors.  And in

16    a nice comfortable place. It will not be a closet

17    some where.  It will be a window and some air.  But

18    once the lunch arrives it will be furnished to all.

19    Even the alternates.  Especially the alternates.

20         And as soon as you arrive at a verdict

21    you will notify the officer.  You will be returned

22    to the courtroom to deliver that verdict.  And with

23    that ladies and gentlemen of the jury we await your

24    verdict .

25         (Whereupon, jurors exit to commence

vld

1    deliberations).

2                THE COURT:    Counsel we are nearing the

3    lunch hour.  I would like you to stay around until

4    at least maybe 5 to 1. Sometimes if there is

5    something that they can really agree to fast that

6    they want I would like to have you see that note

7    before lunch.

8                MR. JOHNSTON:  I will give the clerk my

9    cell phone number. In case there is an emergency he

10   can get in touch with me instantaneously.  Judge,

11   we do have to redact the medical records.

12               THE COURT:    Yes.  Know that the court

13   will be down from lunch from at least 1 to 2:15.

14   The records, the medical records.

15               MS. MALIK:  Yes I do have the records.

16   Initially before the trial began Mr. Johnston

17   indicated that he wished me to take out the

18   portions of the medical records dealing with

19   Jaeshawn Benn who is the other victim in this case.

20   I have redacted all of that.  His identity is not

21   an issue in the case. All the others are names,

22   remained the same, the defendants name, Ann

23   Martinez, Leslie Martinez and Ashley Martinez. I

24   just ask that the defense counsel be able to look

25   it over so that we can agree on it.

1                 I am also going to redact that portion of

2        the file with the record and Ashley regarding the

3        passive exposure.

4                 THE COURT:    To.

5                 MR. JOHNSTON:  Marijuana.

6                 THE COURT:   Yes. Please show Mr.

7        Johnston.

8                 (Court exhibit so marked as 1).

9                 THE COURT: Also counsel you consent that

10       should they ask to see the court exhibits that I

11       can send it in to them without reassembling.

12                MR. JOHNSTON:  Yes your Honor.

13                MS. MALIK:   I would just ask if the

14       medical records in redacted form are acceptable to

15       the defense.

16                MR. JOHNSTON:  Acceptable to the defense.

17                THE COURT:   Other than that is there

18       anything further that needs to be done.

19                MR. JOHNSTON:  No your Honor.

20                THE COURT:   Thank you.  As I said stay

21       in touch with Al.  And we are in holding pattern.

22                (Whereupon, a brief recess was taken.)

23                COURT CLERK:  Recall case on trial.

24       Calendar 1. 2147 of 2006.  Abu Khan.

25                MR. JOHNSTON: Can we approach while we

1    are waiting judge.

2              THE COURT:  Sure.

3              (Off the Record Discussion).

4              COURT OFFICER:  Jury entering.

5              COURT CLERK:  Both sides stipulate that

6    the sworn jurors and present and properly seated.

7              MR. JOHNSTON: Yes.

8              MS. MALIK: Yes.

9              THE COURT:  Members of the jury you have

10   been working at this as you had committed to

11   certainly all morning and now all afternoon.  And

12   it would seem to me that while I have your most

13   recent note I think it's an appropriate time to

14   kind of let you have a little break so I am going

15   to send you home.

16             But I will send you home with some

17   instructions and as to your most recent note which

18   will be marked court exhibit number 2 it reads can

19   you please reread count number 2 and 4 so that the

20   rereading of those count and what it says will be

21   fresh in your mind I will do that with you the

22   first thing in the morning tomorrow.

23             So members of the jury todays court

24   session is drawing to a close.  I am about to

25   excuse you for the day. You must return at 9:30 in

vld

1    the morning tomorrow morning and reassemble at the

2    place where the officer directs.

3            The law requires that before I excuse you

4    that I review with the rules that you must follow

5    through the course of the recess.  They are

6    designed to guarantee the parties a fair trial and

7    are generally the ones that you are required to

8    follow prior to deliberations.

9            The law requires that I restate them to

10   you at this time in order to emphasize their

11   importance.  The reason for the emphasis is that

12   you are now in a critical stage. For the process of

13   deliberations and you are not being sequestered

14   that means that you are not being kept together

15   overnight where we have a greater assurance that

16   you will be following the rules.

17           You will be permitted to go home after

18   deliberations have begun. There is maybe now be a

19   greater temptation for example to discuss the case

20   with someone else or go to the scene. You must

21   resist that temptation.  To discuss the case with

22   someone else or to visit the scene would not only

23   violate my order but the oath that you took to

24   follow the rules.  The rules are as follows.

25           Deliberations must be conducted only in

1       the jury room when all 12 jurors are present.  All

2       deliberations must now cease and must not be

3       resumed until all 12 of you have returned and are

4       together again in the injury room.

5                During the recess do not discuss this

6       case among yourselves or with anyone else.

7                Rule 3 you remain under the obligation

8       not to request, accept, request to accept or

9       discuss with any person the receiving or payment of

10      any benefit in return for supplying any information

11      concerning the trial.

12               Rule 4 you must promptly report to me any

13      attempt by any person to converse with you about

14      the case or to influence or any other member of the

15      jury.

16               Rule 5 you must not visit or view the

17      place where the crime charged was allegedly

18      committed or any other place discussed in the

19      testimony.

20               And rule 6 you must not read, view or

21      listen to any accounts or discussions of this case

22      recorded by any news media if there be any.

23               Now the reason why the rules are so

24      important.  The law does not want you to talk to

25      anyone about the case or to permit anyone to talk

1   to you about the case.  Only the 12 of you have

2   been authorized to render a verdict in this case.

3   Only you have been found to be fair and only you

4   have promised to be fair. No one has been so

5   qualified.

6          The law does not permit you to visit the

7   place discussed in the testimony.  And second even

8   if it were in the same condition once you go to a

9   place discussed in the testimony to evaluate the

10  evidence in light of what you have seen you become

11  a witness and not a juror and as a witness you may

12  have an erroneous view of the scene that is not

13  subject to correction by either of the parties and

14  of course that would not be fair.

15         Finally the law requires that you not

16  read or listen to any news accounts of this case

17  should there be any. You must decide the case on

18  the evidence presented in the courtroom.  You are

19  not to decide the case based on a reported view or

20  opinion.

21         Again, I trust that you understand and

22  appreciate the importance of following the rules

23  and in accordance with the oaths that you promised

24  and made to me I know that you will do so.  Again

25  after those instructions and with this note that I

1       just received I will the first thing in the morning

2       reread to you count number 2 and count number 4.

3                       So have a great night. Following the

4       instructions of the officer.  See you tomorrow

5       morning at 9:30 AM.

6                       (Whereupon, jurors exit the courtroom).

7                       THE COURT:  Anything further.

8                       MS. MALIK: No your Honor.

9                       MR. JOHNSTON: No your Honor.

10                      THE COURT:  Counsel see you in the

11      morning.

12                      (Whereupon, court stands in recess until

13      tomorrow, March 29, 2007 at 9:30 AM).

14

15

16

17

18

19

20

21

22

23

24

25

```
 1  SUPREME COURT OF THE STATE OF NEW YORK

 2  COUNTY OF QUEENS:   CRIMINAL TERM:  Part K-20

 3  ---------------------------------------x   Indictment No.
    THE PEOPLE OF THE STATE OF NEW YORK    :   2147/2006
 4

 5          -against-                      :

 6                                         :

 7  ABU KHAN                               :

 8                  Defendant    :

 9  ---------------------------------------x

10                      March 29, 2007

11                      125-01 Queens Boulevard
                        Kew Gardens, New York 11415
12

13  B E F O R E:  THE HONORABLE  RONALD HOLLIE,
                                        Justice
14

15  A P P E A R A N C E S:

16          Honorable Richard A. Brown
            For the People:
17          District Attorney - Queens County
            125-01 Queens Boulevard
18          Kew Gardens, New York 11415
            BY:  MINA MALIK, ESQ.
19               Assistant District Attorney

20
            For the Defendant:
21          ROBERT JOHNSTON, ESQ.
            Defense Counsel
22

23

24                      Viola L. Dunnom, SCR

25


                                                    vld
```

1           COURT CLERK:  Calendar 1.  Indictment

2      2147 of 06.  Abu Khan.  From the pens.

3           MR. JOHNSTON: Robert H. Johnston for the

4      defendant.

5           MR. VIRUET:  Samuel Viruet for the

6      defendant.

7           MS. MALIK: Mina Malik. Good morning your

8      Honor.

9           THE COURT: Good morning counsel, all.

10          COURT CLERK:  Defendant incarcerated.

11     Produced.  Present before the court.

12          THE COURT: Good morning Mr. Khan.

13          THE DEFENDANT:  Good morning.

14          THE COURT:  Are we ready.

15          MR. JOHNSTON: Yes judge.

16          MS. MALIK: Yes.

17          COURT OFFICER:  Jury entering.

18          COURT CLERK:  Both sides stipulate to the

19     presence and proper seating of the jury.

20          MR. JOHNSTON: Yes.

21          MS. MALIK: Yes.

22          THE COURT:  Good morning.  Again just

23     looking at your note from last night can you please

24     reread count number 2 and 4.

25          The second count is course of sexual

1    conduct against a child in the second degree.

2              Under our law a person is guilty of

3    course of sexual contact against a child in the

4    second degree again when over a period of time not

5    less than 3 months of duration he engages in 2 or

6    more acts of sexual conduct with a child who is

7    incapable of consent by reason of being less than

8    11 years old.

9              I will now give you the meaning of the

10   following terms. Sexual conduct and incapable of

11   consent.  Sexual conduct means sexual intercourse

12   or sexual contact.  Sexual intercourse has it's own

13   special meaning.  Sexual intercourse means any

14   penetration however slight.

15             Sexual contact means any touching of the

16   sexual or other intimate part of a person not

17   married to the actor for the purpose of gratifying

18   sexual desire of either party.  It includes the

19   touching of the actor by the victim as well as the

20   touching of the victim by the actor whether

21   directly or through clothing.

22             Under New York law a person is incapable

23   of consenting to sexual conduct when that person is

24   less than 11 years old.  And it is not a defense to

25   a charge of course of sexual conduct against a

1    child in the second degree that the actor did not

2    know that the person with whom the actor engaged in

3    sexual conduct was less than 11 years old or that

4    the actor believed that such person was 11 years

5    old or more on the date of the crime.

6              In order for you to find the defendant

7    guilty of this crime the People are required to

8    prove from all the evidence in the case beyond a

9    reasonable doubt both of the following 2 elements.

10             One, that over a period of time not less

11   than 3 months in duration namely on or about and

12   between January first in the year 1997 and December

13   31 in the year of 2000 in the county of Queens the

14   defendant Abu Khan engaged in 2 or more acts of

15   sexual contact with Ashley Martinez.  In that the

16   defendant did place his hands on the breasts and

17   place his penis in the hands of Ashley Martinez.

18             And number two that Ashley Martinez was

19   incapable of consent because she was less than 11

20   years old.

21             Therefore, if you find that the People

22   have proven beyond a reasonable doubt those

23   elements then you must find the defendant guilty of

24   course of sexual contact against a child in the

25   second degree as charged in the second count.

1        On the other hand if you find that the

2    People have not proven beyond a reasonable doubt

3    either one or both of those elements then you must

4    find the defendant not guilty of the crime of

5    course of sexual conduct against a child in the

6    second degree charged in the second count.

7        Count 4 is sexual abuse in the second

8    degree.  Under our law a person is guilty of sexual

9    abuse in the second degree when he subjects another

10   person to sexual contact and when such other person

11   is less than 14 years old.

12        Under our law it is also an element of

13   this offense that the sexual contact was committed

14   without the consent of that other person.  And

15   sexual contact takes place, takes place without a

16   persons consent when this person is deemed by law

17   to be incapable of consent.

18        Under our law a person is deemed

19   incapable of consenting to sexual contact when she

20   is less than 14 years old.  Thus sexual contact

21   with such a person is always deemed to be without

22   the persons consent.  Even if in fact that person

23   did consent.  It is not a defense to the charge

24   that the actor did not know the person with whom

25   the actor had sexual contact was less than 14 years

1      old or that the actor believed that such person was

2      14 years old or more on the date of the crime.

3              The term sexual contact used in this

4      definition has it's own special meaning.  Its

5      meaning is as follows.  Sexual contact means any

6      touching of the sexual or other intimate part

7      parties of a person not married to the actor for

8      the purpose of gratifying the sexual desire of

9      either party.

10              It includes touching of the actor by the

11      person as well as of the touching of that person

12      by the actor whether directly or through clothing.

13              In order for you to find the defendant

14      guilty of this crime the People are required to

15      prove from all of the evidence in the case beyond a

16      reasonable doubt both of the following 2 elements.

17              One, that on or about November 30 in the

18      year 2004 in the county of Queens the defendant Abu

19      Khan subjected Ashley Martinez to sexual contact by

20      touching the breasts of Ashley Martinez with the

21      hand of the defendant.

22              And two, that Ashley Martinez was less

23      than 14 years old.

24              Therefore if you find that the People

25      have proven beyond a reasonable doubt both of those

vld

1    elements then you must find the defendant guilty of

2    the crime of sexual abuse in the second degree as

3    charged in the fourth count.

4         On the other hand if you find that the

5    People have not proven beyond a reasonable doubt

6    either one or both of those elements then you must

7    find the defendant not guilty of the crime of

8    sexual abuse in the second degree as charged in the

9    fourth count.

10        Those are -- that is a rereading of count

11   number 2 and 4.  If you need those count reread

12   again or if you need them read slower or if you

13   need the elements again whatever it is that you

14   want or need just let me know in any future notes

15   that you send me.

16        (Whereupon, jury exits the courtroom to

17   continue deliberations).

18        THE COURT:  Any exceptions counsel.

19        MR. JOHNSTON: No your Honor.

20        MS. MALIK:  No your Honor.

21        THE COURT:  Anything further.

22        MS. MALIK: No your Honor.

23        MR. JOHNSTON: No your Honor.

24        (Whereupon, court stands in recess)

25        COURT CLERK:  Come to order.  Case on

1    trial continued.

2              THE COURT:  Counsel approach.

3              (Off the Record Discussion).

4              THE COURT: All counsel is present as is

5    the defendant.  Counsel I have a most recent note

6    from the jury.  And it indicates that they would

7    like some parts of the testimony reread and they

8    would like the testimony of Ashley Martinez and Abu

9    Khan about what happened on the day of November 30.

10   I think that we should be able to find that at the

11   minimum within the next 45 minutes.  So we will

12   recess it's now 11: 31. If you can contact us back

13   certainly be prepared to go forward with this

14   matter by a quarter after 12.

15              (Whereupon, a brief recess was taken.).

16              COURT CLERK:  Case on trial continued.

17   All parties are present.  No jury is present at

18   this time.

19              COURT OFFICER:  Jury entering.

20              COURT CLERK:  Both sides stipulate to the

21   presence and proper seating of the jury.

22              THE COURT:  I have your most recent

23   note.  And it reads it's been marked court exhibit

24   number 3.  Can you please reread the testimony of

25   Ashley Martinez and Abu Khan of the date of

vld

1     November 30 in the year 2004. We have that for you

2     now. We will begin with Ashley's direct and cross

3     of examination.  And following that the direct and

4     cross as far as Abu Khan is concerned.

5                (Whereupon, the requested portion was

6     read back.)

7                THE COURT: Counsel approach please.

8                (Whereupon, an off the record discussion

9     was held at the bench.)

10                THE COURT: Okay. As you just heard you

11    heard the read back direct and cross of counsel of

12    these 2 witnesses Ashley Martinez Abu Khan.  Again

13    if you have any further questions just let us know

14    with a note.  And again we await your verdict.  And

15    your lunch has been ordered. Enjoy if and when it

16    arrives.

17                THE COURT: Anything further counsel.

18                MR. JOHNSTON: Nothing your Honor.

19                MS. MALIK: No your Honor.

20                MR. JOHNSTON: Judge it's about 5 to 1.

21                THE COURT: Yes the part will be down for

22    lunch.  The part is going to be down for lunch.

23                MR. JOHNSTON: All right.  We will be back

24    at 2.

25                (Whereupon, a luncheon recess was taken.)

```
 1                    COURT CLERK: Case on trial continued.
 2                    All parties are present. No jurors are
 3            present at this time.
 4                    THE COURT: I have a note which I expect
 5            will be the last note.  They have reached a
 6            verdict.  You know that counsel.
 7                    MR. JOHNSTON: Now I do.
 8                    MS. MALIK: Now we do.
 9                    THE COURT: Depending upon the verdict
10            would you want them polled.
11                    MS. MALIK: No your Honor.
12                    MR. JOHNSTON: No.
13                    (Court exhibit number 4 so marked.)
14                    COURT OFFICER:  Jury entering.
15                    COURT CLERK:  Both sides stipulate to the
16            presence and proper seating of the jury.
17                    MR. JOHNSTON:  Yes.
18                    MS. MALIK: Yes.
19                    THE COURT: Members of the jury I have in
20            my hands what I expect will be your last note to
21            me.  It reads we have a reached a verdict. Is that
22            true madam forelady.
23                    JURY FORELADY:  Yes.
24                    THE COURT: Take the verdict.
25                    COURT CLERK:  Would you please rise.  As
```

```
 1            to count number 1, rape in the first degree how do
 2            you   find the defendant?
 3                       JURY FORELADY:  Guilty.
 4                       COURT CLERK:  As to count 2, course of
 5            sexual conduct against a child in the second degree
 6            how to you find the defendant?
 7                       JURY FORELADY:  Guilty.
 8                       COURT CLERK:  As to count 3, endangering
 9            the welfare of a child how do you find the
10            defendant?
11                       JURY FORELADY:  Guilty.
12                       COURT CLERK: As to count 4, sexual abuse
13            in the second degree, how do you find the
14            defendant?
15                       JURY FORELADY:  Guilty.
16                       THE COURT:   Please be seated.
17                       COURT CLERK:  Members of the jury listen
18            to your verdict as it stands recorded.
19                       You say through your foreperson that you
20            and each of you find the defendant Abu Khan on
21            count number 1, rape in the first degree; guilty.
22                       Count 2, course of sexual conduct against
23            a child in the second degree; guilty.
24                       Count 3, endangering the welfare of a
25            child; guilty.
```

vld

```
 1                      Count 4, sexual abuse in the second
 2           degree; guilty.
 3                      Juror Number One, is that your verdict.
 4                      JUROR NUMBER ONE:  Yes.
 5                      THE COURT CLERK:  Juror Number Two, is
 6           that your verdict?
 7                      JUROR NUMBER TWO:  Yes.
 8                      THE COURT CLERK:  Juror Number Three, is
 9           that your verdict?
10                      JUROR NUMBER THREE:  Yes.
11                      THE COURT CLERK:  Juror Number Four, is
12           that your verdict?
13                      JUROR NUMBER FOUR:  Yes.
14                      THE COURT CLERK:  Juror Number Five, is
15           that your verdict?
16                      JUROR NUMBER FIVE:  Yes.
17                      THE COURT CLERK:   Juror Number Six, is
18           that your verdict?
19                      JUROR NUMBER SIX:  Yes.
20                      THE COURT CLERK:  Juror Number Seven, is
21           that your verdict?
22                      JUROR NUMBER SEVEN:  Yes.
23                      THE COURT CLERK:  Juror Number Eight, is
24           that your verdict?
25                      JUROR NUMBER EIGHT:  Yes.
```

1          THE COURT CLERK:  Juror Number Nine, is

2     that your verdict?

3          JUROR NUMBER NINE:  Yes.

4          THE COURT CLERK:  Juror Number Ten, is

5     that your verdict?

6          JUROR NUMBER TEN:  Yes.

7          THE COURT CLERK:  Juror Number Eleven, is

8     that your verdict?

9          JUROR NUMBER ELEVEN:  Yes.

10         THE COURT CLERK:  Juror Number Twelve, is

11    that your verdict?

12         JUROR NUMBER TWELVE:  Yes.

13         The jury has been polled, your Honor.

14         THE COURT: Verdict has been confirmed.

15    Thank you Carl.  This has not been an easy case and

16    not that any one case is but it is very difficult.

17         I understand it to be and I know that all

18    the attorneys understand it to be very difficult to

19    sit in judgement of another human being for acts

20    that had been committed against another outside of

21    your presence. And this system relies on jurors

22    that are willing to carry through the commitment

23    that they make to all sides to give each side in a

24    trial like this a fair trial.

25         It's clear to me that based on the effort

1    that you all put into that, that you had done just

2    that.  You had listened to all of the evidence in

3    the case.  You had patiently sat through the

4    inherent delays in becoming a juror in the

5    courtroom, outside the courtroom and all of the

6    delays that result and through it all you have each

7    been patient with the system.  Been patient with

8    me.  Patient with counsel.  And in the end did the

9    duties that you had promised each side that you

10   would do. For that I thank you.

11            I know that each counsel thanks you.

12   Your work in this case has now ended.  I also want

13   to extend a special additional thanks to the two

14   alternates. While you did not have a chance to

15   deliberate I wanted to make sure that even though

16   you were not in the room with the other jurors who

17   had been chosen with you that you were in the box

18   with them at the time that they delivered the

19   verdict so that you would have a chance to at least

20   hear the end of the case.

21            Yours is maybe the most difficult if that

22   could be said, service as a juror because you have

23   heard all the evidence that they have.  You heard

24   the entire read back that they heard.  And yet you

25   had not had a chance to share your thoughts with

vld

1        the other 12 jurors.  Yours was a uniquely

2        difficult job. I thank you for the added effort

3        that you made.

4                With that all of your service coming to

5        an end it comes to an end with my thanks and maybe

6        the only thing that I can say to you now which may

7        be good for most of you is that you will not be

8        called back to serve for another 6 years.  And so

9        that's a small solice, but hopefully over the

10       course of those 6 years it will be enough.

11               Again thank you for your service.  I will

12       have a few words with you in the back. See you in

13       about 6 years or so.  Thank you.

14               COURT OFFICER:  Jurors follow me please.

15               (Jurors exit the courtroom).

16               THE COURT: The defendant has been found

17       guilty after trial of a B felony.  His bail status

18       is changed to remand.  Stern date counsel.  I will

19       need at least 4 weeks.

20               MR. JOHNSTON: April 16th is that a good

21       date.

22               THE COURT:  That's a Monday. Yes it is.

23       People.

24               MS. MALIK: Your Honor, I know that the

25       victim would like to speak at sentencing in this

                                                      vld

1     case.   Can I have a moment to confer with her.

2                     THE COURT:    Sure.

3                     MS. MALIK: April 16th is find your Honor.

4                     COURT CLERK:   April 16 th.

5                     THE COURT: All right.   April 16th for

6     sentence.   And if there is any reason counsel that

7     you believe that the for some reason that the case

8     cannot go forward for sentence on the 16th please

9     let us know in enough time so that -- the victim is

10    still living in Florida.

11                    MS. MALIK: Yes your Honor.

12                    THE COURT:    So that if we can avoid

13    unnecessary trips back and forth from state to

14    state I would want to do that.   April 16th for

15    sentence.

16                    COURT CLERK:   Thank you.   Take charge.

17

18              *     *     *     *     *     *     *     *

19              The foregoing is certified to be a true

20    and accurate transcript of the original stenographic

21    minutes taken of this proceeding.

22

23

24              Viola L. Dunnom, SCR

25

WITNESS INDEX ---- EXHIBIT INDEX

1                    W-I-T-N-E-S-S  I-N-D-E-X

2        WITNESSES FOR THE PEOPLE:

3

4        LESLIE MARTINEZ.............................352:11

5        DIRECT EXAMINATION.........................352:18

6        CROSS EXAMINATION..........................387:12

7        REDIRECT EXAMINATION.......................409:4

8        RECROSS EXAMINATION........................414:6

9

10       ANN MARTINEZ...............................427:14

11       DIRECT EXAMINATION.........................427:20

12       CROSS EXAMINATION..........................441:17

13       REDIRECT EXAMINATION.......................444:12

14       RECROSS EXAMINATION........................447:2

15       RE/REDIRECT EXAMINATION....................449:11

16

17       DET. FIGUEROA..............................450:9

18       DIRECT EXAMINATION.........................450:14

19

20       ASHLEY MARTINEZ............................459:20

21       DIRECT EXAMINATION.........................459:25

22       CROSS EXAMINATION..........................495:12

23       REDIRECT EXAMINATION.......................518:23

24

25       DR. JAMIE HOFFMAN-ROSENFELD................520:22

WITNESS INDEX ---- EXHIBIT INDEX

1    DIRECT EXAMINATION...........................521:4

2    CROSS EXAMINATION...........................570:5

3    REDIRECT EXAMINATION........................582:10

4

5    DR. DON LEWITTES...........................589:18

6    DIRECT EXAMINATION..........................589:23

7    CROSS EXAMINATION...........................623:4

8

9    WITNESSES FOR THE DEFENSE:

10

11   ABU KHAN...................................627:25

12   DIRECT EXAMINATION.........................628:5

13   CROSS EXAMINATION..........................648:14

14

15

16

17

18

19

20

21

22

23

24

25

WITNESS INDEX ---- EXHIBIT INDEX

| | | | | | ID. | EVD. |
|---|---|---|---|---|---|---|

1                E-X-H-I-B-I-T-S

2

3                                       ID.            EVD.

4   FOR THE PEOPLE:

5   1    Photo                    492           493

6   2    Photo                    493           494

7   3    Medical Records     531           533

8   4    Diagram              538           539

9   5    Instrument        556           556

10

11

12   FOR THE DEFENSE:

13   A    Document          401

14

15

16

17

18

19

20

21

22

23

24

25

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS:  CRIMINAL TERM, PART K-20
----------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,
                                    Ind. No.
                                    2147-2006

                -against-

                                    Sentence

ABU KHAN,

                Defendant.
----------------------------------------X

                    JULY 24, 2007

                    Queens Supreme Court
                    125-01 Queens Boulevard
                    Kew Gardens, New York 11415

B E F O R E :
            THE HONORABLE RONALD D. HOLLIE ,
                        Justice, Supreme Court.

A P P E A R A N C E S :

For the People:

        RICHARD A. BROWN, ESQ.
        District Attorney, Queens County
        By:  MINA MALIK, ESQ.
        Assistant District Attorney

For the Defendant:

        SAMUEL VIRUET, ESQ.
        191 East 161st Street
        Bronx, New York

                    Mindy S. Elgarten
                    Official Court Reporter

1            COURT CLERK:  Calendar number 1,

2       Indictment Number 2147 of 2006, Abu Khan.

3            THE COURT:  Counsel appearances,

4       please.

5            MR. VIRUET:  Samuel Viruet, 191 East

6       161st Street, Bronx, New York, for the defendant.

7            MS. MALIK:  For the People, assistant

8       district attorney Mina Malik.

9            THE COURT:  Prior to this case being

10      called into the record I had a sidebar conference

11      with both counsel and thinking back to the time

12      when this matter was last on the calendar that

13      date I believe was on June 12th.  At that date --

14      on that date this case was adjourned to this

15      date, July 24th, for sentence.  And I had advised

16      both counsel since the only issue that was

17      standing in the way of the defendant being

18      sentenced is a determination and maybe even a

19      hearing on the question of whether or not this

20      defendant is a predicate felon based upon an

21      arrest he had in Florida back in 1994.

22            Counsel, defense counsel, had filed a

23      notice of motion in opposition to the defendant

24      being found a predicate felon and his affirmation

25      was served on the Court and the D.A.'s Office on,

1       I believe, June 22nd.

2                    I'm advised by the assistant that she

3       has filed a response to that notice of motion.

4                    People, when was that notice served on

5       either counsel or this Court?

6                    MS. MALIK:  July 20th, your Honor.

7                    THE COURT:  That's this past Friday,

8       three days ago.

9                    MS. MALIK:  Yes, your Honor.

10                   THE COURT:  How was it served to

11      defense counsel?

12                   MS. MALIK:  It was is sent to him

13      overnight, Federal Express, your Honor.

14                   THE COURT:  Do you have proof of

15      written delivery on defense counsel?

16                   MS. MALIK:  I do not have it with me

17      right now but I do have the FedEx airbill our

18      office filled out and that we deposited at the

19      local Federal Express station.

20                   THE COURT:  Mr. Viruet, it's now

21      Tuesday the 24th; have you received a copy of

22      that?

23                   MR. VIRUET:  No, your Honor.  I have

24      not received copies, nor have I received

25      communication from the District Attorney

1       regarding this matter.

2               As the Court had stated, I served the

3       motion nearly a month ago and I think it would

4       have been prudent and indeed ethical, for the

5       People to have given me enough time for me to

6       respond to the motion which has been orally

7       discussed with the Court without me being served.

8               In my motion I made a lot of demands

9       for discovery particularly as it pertains to the

10      plea that was taken in Florida for the minutes of

11      that plea.  The statute in which the People

12      provide, their argument, it is their burden to

13      provide that statute as it is my burden to

14      controvert those statutes and none of that has

15      been done.  The District Attorney did in fact and

16      substance what she did last time which was to

17      serve me with a predicate statement on the eve of

18      sentence and the Court became somewhat concerned

19      about that issue specifically for the District

20      Attorney to notify me ahead of time for me to be

21      able to controvert or to file a rely on those

22      issues.  That has not been done.

23              By the way, I was in the office all day

24      yesterday.  I had three matters in Supreme Court.

25      I have not been notified of any documents.  I

mse

1        submit to the Court as an officer of the Court --

2        as an attorney, that I have not received any

3        documents from the District Attorney. As I stand

4        here with you, your Honor, I think it's improper

5        and inappropriate for District Attorney to make

6        an oral argument to the Court on the issue of

7        predicateness. The defendant's entitled to have

8        a hearing on the issue of being a predicate. My

9        argument was set on the motion papers.

10                    I respectfully request because I have

11       not been served with the papers that my motion is

12       being deemed without opposition at this time.

13                    MS. MALIK: I would like to say --

14                    THE COURT: For the record, it should

15       be noted that the defendant was convicted in this

16       part on the Queens Indictment on 3-28 of '07 and

17       after that date the matter was adjourned for

18       sentence.

19                    My records indicate that the dates

20       after the conviction, this matter was adjourned

21       for sentence the first day was 4-16. The next

22       date was 4-18. The dates following that was

23       5-14. The date following that was 6-12. And now

24       we are at 7-24. Certainly it became -- I was

25       first advised -- defense counsel I believe was

1      first advised that the People would be seeking to

2      file a predicate statement against the defendant

3      at the very latest date by 5-14 of '07.  It's now

4      over two and a half months after that date.

5                  On the last adjourned date -- meaning

6      on 6-12 I did in fact advise both counsel -- in

7      particular the assistant D.A. since it's the

8      effort that they had with both the Court and

9      defense on notice of what it is they wanted to do

10     to make sure they communicate with defense

11     counsel in giving to the defense all available

12     information as to what the D.A.'s position now is

13     or proof that the defendant should be adjudged a

14     predicate felon based on this conviction.

15     Apparently -- and this has been a problem before

16     -- I have indicated to the People that they

17     should give defense notice of what it is they

18     intend to argue and a record upon which they

19     choose to base that argument.  That should have

20     been done in advance of our being present in

21     court here today.

22                  Standing here, Miss Malik, without

23     proof of when you've served defense counsel, and

24     hearing from you that the earliest was possibly

25     on this past Friday, that is simply not enough

mse

1       time, even if it had been served upon counsel,

2       for him to assess what the evidence is that you

3       have provided and make a reasonable and cogent

4       argument on the issue before this Court today.

5       You put the defense in an unfair position as far

6       as your position; that is, he's a predicate

7       felon.  It also puts the Court in a difficult

8       position because I, too, wanted to have enough

9       time to review what it is that you seek to submit

10      in support of your position and to make a fair

11      judgment as to what an appropriate disposition of

12      the sentence on this matter should be, and I

13      thought that we were heading in this direction

14      meaning that I didn't want any further delays in

15      this sentence, and I had hoped that you would

16      have, Miss Malik, understood that and given to

17      the defense the kind of information he's asked

18      for in his motion.  His notice of motion was

19      served on the Court and on you on June 27th.  In

20      it he has in this motion asked for -- and I think

21      it's reasonable -- he's asked for any minutes of

22      the plea that the defendant had taken in Florida,

23      a judgment and assessment as to how that plea was

24      adjudicated by authorities in Florida.  Neither

25      -- none of that information has been provided to

1       the defense in a timely manner and we are now on

2       a date that I had set as a final date for

3       sentence.  Miss Malik?

4                   MS. MALIK:  Your Honor, my office

5       served Mr. Viruet with our affirmation in

6       opposition on July 20th.  We mailed it via

7       Federal Express overnight delivery to 191 East

8       161st Street in the Bronx, New York.

9                   THE COURT:  What proof do you have in

10      court that that was done?

11                  MS. MALIK:  If you would like, your

12      Honor, I could go back to my office and get the

13      Federal Express bill.

14                  THE COURT:  I am asking you what proof

15      do you have today it was done.

16                  MS. MALIK:  Your Honor, I could go back

17      to my office and get the Federal Express bill.

18                  THE COURT:  Ma'am, you don't have proof

19      today of you having served him on the day that

20      you indicated, do you?

21                  MS. MALIK:  I do have proof, your

22      Honor.  It may not be in this room right now.

23                  THE COURT:  Listen, just answer my

24      question.  Do you have proof as you stand here

25      today of him having been served as you just

1       indicated?

2               MS. MALIK:  The affirmation of service

3       by mail constitutes a statement of service and

4       that should be acceptable by the Court.

5               THE COURT:  Do you have that with you

6       in court today?

7               MS. MALIK:  I have the affirmation of

8       service, I believe the Court has it in its file,

9       that it was served on the defense.  If the Court

10      would like to take a look at the court file, I've

11      seen it there this morning.

12              THE COURT:  Al, is it there?

13              I have here what's been -- it's -- it

14      says an affirmation of service by mail.  Tracy

15      Sabotta (phonetic) legal intern at the district

16      attorney's office affirms and says on June 21st

17      she serves attorney Samuel Viruet addressed as

18      follows:  Office of Samuel Viruet, 191 East 161st

19      Street, Bronx, New York 10451.  * You, by that

20      purpose and in the course of business of the

21      District Attorney's Office, address same as this

22      address, and was stamped 80-02 Queens Boulevard,

23      Kew Gardens, New York 11415.  Sworn to this 20th

24      day of July 2007 by Tracy Sabotta and sworn to

25      before me.  So it is not notarized.

mse

1          MS. MALIK:  Your Honor, are you saying

2     that's not acceptable to the Court?

3          THE COURT:  I am saying with defense

4     counsel telling me he has not been served and

5     with you offering as proof to me that there was

6     service, an affirmation that does not -- that was

7     not sworn to by the person who had allegedly

8     served him by mail, that is not acceptable proof

9     to me.

10         MS. MALIK:  The person who served that

11    is in the courtroom today.  Would you like her to

12    be on the record?

13         THE COURT:  I had asked you today

14    whether or not you had proof of service of this

15    affirmation in opposition on defense counsel.

16    You said you do and the proof of service that you

17    have is an affirmation that's been filed with

18    this Court.  I looked at the affirmation that's

19    been filed with the Court and I'm saying that

20    that affirmation is unacceptable as proof of

21    service.

22         MS. MALIK:  Very well, your Honor.  I

23    have the person in court today.  Would you like

24    to hear from her herself?

25         THE COURT:  We have a further problem

1       and that is even if the affirmation in opposition

2       was served on the 20th defense counsel has said

3       that he has not received it either on the 20th,

4       the 21st, the 22nd was a Sunday.  He was in his

5       office all day Monday and did not receive it

6       then.  We are now on a day where this matter was

7       set final for sentence.  He has asked for certain

8       information from you as to the minutes of the

9       allocution by the defendant in Florida.

10          What evidence do you have to either

11      show him today or to show the Court about the

12      minutes of the defendant's allocution in Florida?

13          MS. MALIK:  Your Honor, I do not have

14      the minutes of the allocution in Florida.  Those

15      are not available to me.  However, defense cited

16      CPL 240 discovery section of the Criminal

17      Procedure Law as authority for me to turn over

18      the minutes of the plea allocution in Florida and

19      under that statute I am not obligated to turn

20      over the plea allocution of the Florida plea

21      allocution to him.  Also, it's equally available

22      to the defense.  He could just as easily had

23      ordered it himself.  I do have something that

24      says he was convicted in Florida.  It's a finding

25      of guilt.  It says the State of Florida versus

mse

1    Abu Khan.  It says appearing on to the Court that

2    the defendant being personally before the Court

3    accompanied by his or her attorney, L. Corrvo,

4    has been found guilty of grand theft, motor

5    vehicle, and burglary as set forth in the

6    Information by the Court upon the Court of an

7    entry of a guilty plea it being upon a hearing of

8    the matter that the defendant is not likely to

9    engage in a criminal conduct and that the ends of

10   justice and welfare of society shall not

11   defendant suffer penalty by law and it is

12   therefore ordered and adjudged an adjudication of

13   guilt be hereby withheld.  It is further ordered

14   and adjudged that the defendant is sentenced for

15   credit for time served; to wit:  2 days.

16           THE COURT:  Why would an adjudication

17   withheld constitute a finding of guilt?

18           MS. MALIK:  Well, I will tell you, your

19   Honor, according to the Florida Criminal

20   Procedure and Corrections Law Section  921.00(II)

21   a conviction means a determination of guilt that

22   is the result of a plea or a trial regardless of

23   whether adjudication is withheld.  The definition

24   of conviction in New York is consistent with the

25   Florida definition.  Under the New York Criminal

1       Procedure Law conviction means the entry of a

2       plea of guilty to, or a verdict of guilty upon,

3       an accusatory instrument other than a felony

4       complaint, or to one or more counts in such

5       instrument.   That's pursuant to New York Criminal

6       Procedure Law Section 1.20.

7                    Further, New York courts have

8       considered a Florida disposition of adjudication

9       held to be a conviction.   I cite to the Court

10      People ex rel Cassarino versus New York State,

11      Division of Parole, 170 Misc 2d, 47, Kings County

12      1998 where the Court held:   It is of no

13      consequence how a Florida court would consider a

14      guilty plea with adjudication withheld as New

15      York State has the power to adjudication withheld

16      as a conviction.

17                    I would just like to point out, your

18      Honor, that the defendant in finding his

19      definition of adjudication withheld used a dot

20      com website whereas we actually looked at the

21      Florida statute in this case.

22                    And if I might, your Honor, the Florida

23      burglary statute which the defendant plead guilty

24      to is equivalent to the New York burglary in the

25      third degree statute, so therefore that

mse

1          constitutes a felony.

2                    THE COURT:  Again, this is all in the

3          blind because you have not given either defense

4          counsel or me advance notice of this.  So in

5          asking the questions that I really shouldn't have

6          to answer at this point because I would know it

7          from having read your brief.  What offense from

8          Florida did the defendant admit to.

9                    MS. MALIK:  Grand theft motor vehicle

10         and burglary.

11                   THE COURT:  And burglary?

12                   MS. MALIK:  Yes, there are two.

13                   THE COURT:  Burglary what?

14                   MS. MALIK:  Burglary.  It just says

15         unoccupied.

16                   THE COURT:  Burglary unoccupied meaning

17         of a car, of a house?  Burglary of what?

18                   MS. MALIK:  I believe of a building.

19                   THE COURT:  But you don't know what it

20         is.

21                   MS. MALIK:  The burglary section is

22         Florida Section 810.02 and the theft statute is

23         Florida Section 812.014.

24                   THE COURT:  And what are the underlying

25         facts of that Florida matter?

1              MS. MALIK:   I believe that he entered a

2    building down in Florida, your Honor.   I think it

3    was a commercial establishment and he stole a car.

4              THE COURT:   You think or you know.

5              MS. MALIK:   Those are the facts as I

6    recollect them, your Honor.

7              THE COURT:   Again, those facts, are you

8    looking -- did you look at a complaint?   Do you

9    have a copy of the complaint from Florida?   Are

10   you looking at a police report?   What are you

11   basing this information as to what the thing is

12   that in an unauthorized way he entered, whether

13   it was a car, a house or whatever.

14             MS. MALIK:   I am basing it on my

15   recollection of a conversation from somebody down

16   in Florida, either the Court clerk's office or

17   the state attorney's office, your Honor.   But

18   regardless of that fact the underlying facts

19   which is are not important here, the fact is he

20   was convicted of theft of a vehicle and burglary.

21             THE COURT:   A burglary.   If you're

22   telling me that he should be found as a predicate

23   based on a burglary where the only thing I have

24   reason to know at this point that he may possibly

25   have been involved with is a car.   A car

                                                          mse

1      involvement and a burglary are two entirely

2      different types of crimes.  So that's why I was

3      asking you the basis of your information what the

4      burglary is based on, being in a car?

5                  MS. MALIK:  Your Honor, you look at the

6      statutes, the Florida statutes and you compare

7      them to the New York statutes and that's how we

8      figure out if it's the equivalent of a New York

9      statute.

10                 THE COURT:  No.  You look at --

11     certainly if you're trying to bootstrap a felony

12     burglary on this defendant here then I should

13     know whether or not they classify a burglary

14     being in a car in an unauthorized way, because

15     frankly unauthorized being in a car in an

16     unauthorized manner could be an A misdemeanor.

17                 MS. MALIK:  That's not what he was

18     convicted of.

19                 THE COURT:  So the underlying facts you

20     don't have those.  You're going on the basis of

21     the conviction.  I should be guided solely by the

22     certificate used of conviction.

23                 MS. MALIK:  The defendant also testified

24     as to what happened in Florida when he took the

25     stand he also testified to those facts.  He said

                                                      mse

1    he went into a building, he took a car and his

2    boss thought that he shouldn't have this car and

3    he plead guilty but he didn't do any jail time.

4    If I remember correctly that's what the defendant

5    said.

6                THE COURT:  Anything else, Miss Malik?

7                MS. MALIK:  Does the Court want me to

8    go on with the argument or is the Court going to

9    sentence him today.

10               THE COURT:  I said this is final.

11               MS. MALIK:  I would like to point out

12   if the Court is considering a second felony

13   offender status then the Court is mandated to

14   sentence him as a second felony offender in light

15   of the fact this is final for sentence today.  I

16   would like to go on with my argument.

17               With respect to the theft conviction

18   Florida statute 812.014 subsection 2-B (4) the

19   Second Department has held grand theft in

20   violation of Section 812.04 is a recognizable

21   felony in the State of New York.  I cite to the

22   Court En Re Pelle, 106 AD 2d 1 Second Department

23   1985.

24               THE COURT:  Are you saying that there

25   was an offense mentioned in the Florida records

1          that has a statute quoting a section and

2          subdivision, et cetera?

3                    MS. MALIK:  Yes, your Honor.

4                    THE COURT:  What was the -- what do you

5          believe to be the section that the defendant had

6          been adjudicated in violation of in Florida?

7                    MS. MALIK:  Florida statute Section

8          810.02.

9                    THE COURT:  And --

10                   MS. MALIK:  I'm sorry, for burglary as

11         well as for theft, Florida statute Section

12         812.014.

13                   THE COURT:  And 812.014 is what?

14                   MS. MALIK:  Theft.

15                   THE COURT:  It's just called theft?

16                   MS. MALIK:  Yes.

17                   THE COURT:  Okay.  Now you have cited

18         an appellate division decision that says what?

19         You just mentioned a case.

20                   MS. MALIK:  That the Second Department

21         has held that grand theft, which is what the

22         defendant was convicted of here, grand theft  of a

23         motor vehicle.

24                   THE COURT:  I'm sorry.  I thought you

25         just said that the statute that he had been found

1      had be adjudicated was in violation of 812.014

2      which is just called theft.

3                  MS. MALIK:  I miss-spoke.  It's grand

4      theft motor vehicle.

5                  THE COURT:  Okay.

6                  THE COURT:  812.014 in Florida, what is

7      the name of that -- what is the name of that

8      statute?

9                  MS. MALIK:  Grand theft, motor vehicle.

10                 THE COURT:  And what evidence do you

11     have that the defendant had been adjudicated as

12     having violated that statute?

13                 MS. MALIK:  My conversation with a

14     clerk from the Miami Dade County Clerk's Office

15     of the 11th judicial circuit.

16                 THE COURT:  So that's based on a

17     conversation you had with a clerk.

18                 MS. MALIK:  Yes, your Honor.

19                 THE COURT:  That's your proof.  Okay.

20                 And now of the evidence as to his

21     violating adjudicated as having violated section

22     810.02.

23                 What is the title of that statute?

24                 MS. MALIK:  Burglary, your Honor.

25                 THE COURT:  It's not grand burglary

```
1       or -- it's just burglary?
2                   MS. MALIK:  Yes.
3                   THE COURT:  Okay.
4                   Do you know whether or not it's a home
5       or place of business?
6                   MS. MALIK:  It's a structure or
7       conveyance.  You're asking me if I know in the
8       underlying facts whether --
9                   THE COURT:  Correct.  Whether in the
10      underlying facts of this case do you know if it
11      was a home or a business?
12                  MS. MALIK:  I believe it's a business.
13                  THE COURT:  But you don't know.
14                  MS. MALIK:  I am going on my
15      recollection.  I believe it's a business.
16                  THE COURT:  That recollection is based
17      on a conversation you had with a clerk down in
18      Florida.
19                  MS. MALIK:  Yes.
20                  THE COURT:  Anything else, Miss Malik?
21                  MS. MALIK:  In addition to the burglary
22      in Florida under the statute it states in effect
23      in the Florida statute one of the elements is
24      burglary in the third degree which is a statute
25      here in New York and burglary in the fourth
```

1       degree a class E felony here in New York, your

2       Honor.

3                   I would also like to point out that the

4       defendant pleaded guilty on January 18, 1994.  He

5       was sentenced to a two day sentence and time

6       served under New York Penal Law Section 70.06,

7       subdivision 1 (B) which talks about and addresses

8       whether the defendant can be considered a second

9       felony offender under paragraph 4.  It says

10      sentence must have been imposed not more than ten

11      years before the commission of the felony for

12      which the defendant presently stands convicted.

13      Here the defendant presently stands convicted of

14      course of conduct against a child in the second

15      degree and the commission of that felony occurred

16      from January 3rd, 1999 to December 21, 2000 which

17      is within a 10 year period from the times he was

18      convicted in 1994 in the Florida crimes, so for

19      those reasons he should be considered a second

20      felony offender.

21                  THE COURT:  And essentially it's all

22      boiling down to I should find him a second felony

23      offender because of a conversation you had with a

24      clerk in an office that I imagine the clerk,

25      un-named, whose title you don't recall, but

1        certainly it's your recollection that they told

2        you that what he had pled to amounts to a

3        violation of 812.014 and 810.02.

4                  MS. MALIK:  Your Honor, my office has

5        worked very hard in trying to get in touch with

6        the Florida County clerk's office and trying to

7        get all of this information together.  I'm

8        presenting the Court with the information we have

9        from the Miami Dade clerk's office.

10                  THE COURT:  I understand exactly what

11        you're saying.

12                  MS. MALIK:  I am telling you as an

13        officer of the Court that when I spoke to the

14        county clerk down there in Miami Dade County they

15        tell me that he was convicted of grand theft

16        motor vehicle and burglary under the statute I

17        just gave to you.

18                  THE COURT:  Miss Malik, I heard what

19        you said both times and in fact what I had done

20        most recently is just summarized what it is you

21        had said.

22                  THE COURT:  And Mr. Viruet, does your

23        client still oppose to a predicate felony

24        statement being filed against the defendant?

25                  MR. VIRUET:  Yes, absolutely, your

                                                          mse

1    Honor.

2              THE COURT: Based on the record in this

3    hearing and the late filing of the memos that are

4    being relied upon by the People, and the Court

5    being unsatisfied with information being relayed

6    to the assistant by un-named and untitled clerks

7    in Florida, and the People not having any

8    information as to what the underlying facts of

9    this offense were, their belief it was a business

10   not any firm knowledge that it was a business

11   involved, the People have not met their burden of

12   proving that the defendant has been convicted of

13   a prior felony, so the application by the People

14   to have the defendant declared to be a predicate

15   is denied.

16              This matter is now being moved to

17   sentence. Miss Malik?

18              MS. MALIK: Yes, your Honor. I would

19   also just like to point out to the Court on the

20   last court date I handed up a certified copy from

21   the circuit and county clerks in and for Miami

22   Dade, Florida which states that the defendant was

23   arrested on December 16, 1993. The charges were

24   grand theft, motor vehicle and burglary,

25   unoccupied. Adjudication was held and sentence

1    was January 19, 1994.

2              THE COURT:  Okay.

3              MS. MALIK:  And the Court has a copy of

4    that.

5              THE COURT:  Is this matter being moved

6    to sentence?

7              MS. MALIK:  Yes, your Honor.

8              THE COURT:  Do you wish to say anything

9    prior to sentence being imposed?

10             MS. MALIK:  I'm sorry, your Honor?

11             THE COURT:  Do you wish to say anything

12   prior to sentence being imposed?

13             MS. MALIK:  Absolutely, your Honor.  I

14   would like to say this case was a case of

15   betrayal, manipulation and abuse that the

16   defendant in this case used his power and control

17   over Ashley and sexually violated her for years in

18   the sanctity of defendant's home.  The defendant

19   used her as a sex toy for approximately seven

20   years, started slowly at the age of 5 with the

21   touching of her breasts and vagina with her being

22   made to touch his penis, and it escalated into

23   him raping her from the period of when she was

24   nine years old to 12 years old.  I note one charge

25   here constituted rape in the first degree that

1         happened here in Queens County but the defendant
2         was bold and he was brazen with his actions and,
3         again, this all happened in the sanctity of their
4         own home with other people asleep in the middle
5         of the night in her grandmother's house here in
6         Queens.  But what's most tragic is the
7         complainant here lost her innocence of youth
8         because of the defendant who was entrusted to
9         take care of her, protect her and provide for
10        her, who the complainant referred to him as daddy
11        and her father because he was the only father she
12        had ever known her entire life.  And instead of
13        now having fond memories of being daddy's little
14        princess Ashley is going to have to live through
15        the horrific experience and memories of being
16        raped by her father at the age of 12 which will
17        probably compromise any relationship she will
18        ever have with a man.

19                  I would ask this Court to please
20        sentence this defendant towards the upper 25 year
21        maximum and hold him responsible which he was
22        obviously unable to do for the rape and
23        molestation of Ashley Martinez.

24                  I do have Ashley Martinez in the
25        courtroom, your Honor, who would like to address

mse

1     the Court.

2                  THE COURT:  Yes.  Please have her

3     stand.

4                  MS. MARTINEZ:  I have a letter

5     addressed to Jimmy.  Out of all the people I've

6     met in my 15 years of life you effected me the

7     most.  You've ruined my life beyond recognition.

8                  I was nothing but a baby when you

9     decided to take advantage of me.  I trusted you.

10    You took my youth and vulnerability for granted.

11    I guess life for us was too good to be true.  You

12    were like no one I've ever met.  You took care of

13    us in that little bit of time when I actually

14    respected you.  You treated me and my family like

15    we meant everything in the world to you.  No one

16    would have suspected a thing.  You are one off

17    the best con artists in the world and you

18    brainwashed everyone into thinking you were the

19    perfect person.

20                 If your goal in life was to make a

21    person suffer then you've succeeded.  I can't sit

22    here and say I know what you've gone through in

23    you life but I can tell you what I've gone

24    through in mine, sleepless nights.  Those are the

25    worst.  I can be in the deepest of sleep and I'll

                                                    mse

1       have dreams of you creeping into my bedroom at

2       night.  I would wake up in cold sweats and not be

3       able to go back to sleep.  The memories you've

4       left me with are way too vivid for me to imagine.

5       I go back to times when I would have to fake like

6       I was asleep just so you would leave me alone but

7       half the time you wouldn't.  I ended up blocking

8       out half the time not wanting to think about what

9       you were ding to my body pain, the pain you've

10      caused is so severe.  Sometimes I close my eyes

11      and your face just pops into my head.  I can

12      sometimes still smell the alcohol and cigarettes

13      on your breath.  Can you imagine living with

14      that?  What about the fears?  I'm afraid to trust

15      people.  I push people away from me.  I won't let

16      anybody get too close to me in fear of the fact

17      that I might get hurt.  I'm afraid to sleep with

18      my door open or my lights on.  I'm afraid to be

19      left alone.  You've left scars on my body, not

20      physically but emotionally and mentally.  I was

21      afraid of you.  I fronted for you and other

22      people that everything was okay.  If I can go

23      back I would have screamed it for the whole world

24      to hear.  You used to tell me things like I'm

25      only trying to make you a woman and nobody's

mse

1       going to believe you if you tell. I can say now

2       that everything you've done to me didn't make me

3       weaker but it made me stronger. All those years

4       I held this in and it only made me mad at the

5       world. And I finally couldn't take it any more.

6                   I'm proud to say I have the best family

7       in the world. That have stood behind me 100

8       percent. You were wrong. I should have never

9       fed into all that foolishness you said.

10                  I hope you can sleep at night knowing

11      the kind of person you are. All the things I've

12      just said hasn't affected you one bit but I

13      forgive you. I don't like you. As a matter of

14      fact I hate you but I forgive you. But just

15      remember that I'm not the one you need

16      forgiveness from. When judgment day comes that's

17      when you need to ask God to beg for your

18      forgiveness. Thank you.

19                  THE COURT: Thank you.

20                  Anything further, Miss Malik?

21                  MS. MALIK: Your Honor, I would just

22      like to point out that one of the interns just

23      brought from the Federal Express US Airbill

24      showing the defense was served overnight Federal

25      Express on July 20th.

1              THE COURT: To defense counsel, do you

2      or your client wish to say anything prior to

3      sentence?

4              MR. VIRUET: Yes, your Honor. May it

5      please the Court, I would just like to address

6      just a couple of comments the District Attorney

7      made.

8              She started out with the issue that

9      this is a most tragic incident and it has

10     effected the victim's life. And I will say to

11     the Court that it is a crime and a tragic thing

12     for anybody to abuse any other person. That's on

13     the record. However, we must remember that while

14     the trial was in process and as of the date of

15     the trial the victim upon information and belief

16     still was a virgin. It was brought out from

17     testimony that there was repetit ovula villa

18     impact 500 times and that in and of itself will

19     definitely rupture a hymen, I submit to the

20     Court, any hymen of any person, and that wasn't

21     the case here so she's still a virgin. Okay. So

22     the fact the defendant made a statement I submit

23     to the Court was inflammatory.

24             Now I will deal with the issue of the

25     sentence. The defendant has submitted and I wish

1          to submit to the Court some letters of references

2          and recommendations, I would like to submit to the

3          Court to review and to mitigate the sentence in

4          this case because the District Attorney last time

5          actually submitted a predicate felony statement

6          at the very last moment.  I was not able to bring

7          to the Court the witnesses I had produced the

8          last time, which is the defendant's sister who

9          appeared everyday of the trial, as well as her

10         husband, Mr. Tom Delaney, the defendant's sister

11         is Michele who is married to Mr. Tom Delaney, but

12         they had to go back to Florida and they don't

13         have the kind of money to be able to come back

14         and offer the Court some statement as to the

15         defendant's good side in an attempt to get the

16         Court to consider mitigation of sentence in this

17         particular case.

18                  I do have, however, two persons present

19         in court; one of them is a very close friend of

20         the defendant, he worked with him.  His name is

21         Tom Palpadakis (phonetic) who worked with him for

22         a period of seven years.  He's willing to address

23         the Court.  I also have another colleague and

24         friend of the defendant who is a friend of his for

25         the past 14 years, Miss Nestra Harry. (phonetic)

1   She is in the audience. She would like to

2   address the Court momentarily. Then I would like

3   to go ahead with my presentation.

4              THE COURT: Let me just, for the

5   record, indicate I received from you a copy of

6   the defendant's certificate of release or

7   discharge from active duty. There's a letter

8   from Walter Woseiola, (phonetic) Tom Palpadakis,

9   (phonetic) Nestra Harry, Tom Delaney, Rachel

10  Acevedo, (phonetic) Stacy Towari, (phonetic).

11  There's a younger Acevedo and Jim Miller,

12  (phonetic) Ible Khan. (phonetic)

13             MR. VIRUET: The last name is the

14  defendant's mother, your Honor.

15             THE COURT: Is the defendant's mother.

16  So all of these are from the point of view of

17  each of the writers attesting to their good

18  association with the defendant surprised at the

19  jury's verdict and want me to understand that

20  he's a good man and that I should grant him

21  leniency in my sentence.

22             MR. VIRUET: That is correct.

23             THE COURT: Is there anything beyond

24  this? Sir, would you want this included with the

25  Court record?

1               MR. VIRUET:  Yes, I would like the

2       Court to include that in consideration of

3       sentence.

4               THE COURT:  Anything else?

5               MR. VIRUET:  I would like to state for

6       the Court if the Court -- in lieu of the

7       statements by the persons whom I produced to

8       speak to consider the defendant's good behavior

9       and status as a good citizen in pronouncing

10      sentence.

11              The defendant first came to United

12      States approximately --

13              THE COURT:  Miss  Malik, have a seat.

14              MR. VIRUET:  Back in around 1988 -- '86

15      and he's been coming from New York to Florida

16      back and forth.  He joined the US Marine Corp.

17      and there was an issue that had been brought up

18      partially during the trial.  The District

19      Attorney had stated that the defendant had in

20      fact been discharged dishonorably.  I wanted to

21      show to the Court this is a D.D. 214 form which

22      indicates he was honorably discharged.  He was a

23      motor vehicle driver.  He got out.  He was able

24      to obtain employment eventually with Phoenix

25      Refrigeration where he worked for approximately

                                                    mse

1       14 years. At that time he was a very good

2       person. He was married. He had four children.

3       He supported all his children throughout the time

4       and has in fact been as noted on some of the

5       letters that I presented been a very, very good

6       employee. The president of Phoenix would in fact

7       rehire him should the opportunity comes when he

8       gets released to re-employ the defendant.

9                  I think overall the fact that the

10      jury's verdict is final, the determination of the

11      jury, the fact is that it is up to the Court now

12      to be able to in its own discretion to adjudicate

13      this person and sentence him equitably.

14                 I believe the charge of rape at the

15      minimum base carries a minimum of five years

16      incarceration. The course of conduct which is a

17      D felony carries a minimum of two. The

18      misdemeanor, I believe he served. He's been in

19      jail for over a year.

20                 I submit to the Court to please take

21      into consideration in your own discretion the

22      fact that really this is the first time that he's

23      been at least tried on this particular charge and

24      to sentence the defendant in its discretion to a

25      minimum of two years on the D felony and five

                                                     mse

1       years on the rape case with the rape conviction

2       to run concurrent as I believe that both the

3       course of conduct and the rape both mitigate into

4       one situation, if it please the Court, which is

5       ultimately the rape conviction.

6                   I will submit to the Court the Court

7       will be doing justice by incarcerating the

8       defendant to the five years, two years on the

9       course of conduct to run concurrent.

10                  And I will remind the Court he has had

11      a hearing scheduled Friday on a governor's

12      warrant and I would like for the defendant to

13      ultimately be extradicted in response to that.

14      Thank you, your Honor.

15                  THE COURT:  Would your client wish to

16      say anything prior to sentence being imposed?

17                  MR. VIRUET:  Thank you, your Honor.  He

18      has no statement, your Honor.

19                  THE COURT:  This is a trial that I

20      presided over and so I had an intimate chance to

21      on my own listen to the victim in this case

22      realizing her youth, realizing the challenge that

23      there is for anyone who's been victimized, as the

24      jury has found she has been, as I also believe

25      she has been.

                                                        mse

1              It's very difficult for any victim

2    given the age she is and the age she was at the

3    time this abuse began to stand up in a court of

4    law before strangers and to relay the story in

5    the only way the victim can so it is tantamount

6    to her strength that she's admitted to having

7    gained through this process.  It is tantamount to

8    her strength that she was able to come here and

9    to tell us what's been happening to her over the

10   course of these years.  It's also thinking back

11   to the testimony of the victim and the initial

12   resistance that she had to even tell her mother

13   and the people closest to her about the things

14   that this defendant had been doing to her, this

15   defendant who had been in a position of trust who

16   had for all intense and purposes moved into the

17   role of her father should have been that male

18   figure in her life that would provide the kind of

19   support and kind of confidence that a daughter

20   would gain from a trustworthy hard-working loving

21   man in the house.  That is the type of person

22   that she wanted from you, Mr. Khan, to be and you

23   became maybe the biggest failure.

24             The sentence I could give would not

25   restore the trust the victim had every reason to

                                                    mse

1      believe she could place in you.  It is a

2      violation of that trust that to me given the

3      nature of these charges are in many ways as

4      severe as the acts themselves.  Not only had the

5      victim grown to trust you in the role of father

6      but her mother also expected that you would act

7      in a role relative to her daughter, relative to

8      her children, to act in a role that you had let

9      them to believe that you would be, meaning a man

10     in the house that not only works hard and makes a

11     living for the family but protects her, the

12     mother and the kids in that family, from any

13     harm.  That harm they had every reason to expect

14     you would protect them from would not only be the

15     harm that could come to them from outside the

16     home but more much more insidiously the kind of

17     harm that could come from inside the home, and

18     you had failed in that role and you had caused

19     her immeasurable harm.  And only because of the

20     strength that she has shown here I think she'll

21     survive it, become a bigger asset to her brothers

22     and sister and family.  And it's my expectation

23     that she will recover as fully a child can from

24     this kind of abuse.

25                  With that said, what you had done, sir,

1        is one of the most harmful things that a parent

2        or father figure you are or an adult male can do

3        to a child.

4                  You had been found guilty of this by

5        this jury of rape, of sex abuse of a course of

6        sexual conduct against a child and acting in a

7        manner injurious to the health of the child; and

8        for those crimes, sir, the top count being a B

9        violent felony offense, you are hereby sentenced

10       to a determinate sentence of 14 years; for the C

11       violent felony you are sentenced to a determinate

12       sentence of ten years; for the D violent felony

13       offense you are sentenced to five years; and for

14       the A misdemeanor one year.  Each of those

15       sentences are to run concurrent with each other.

16                 After that sentence you have to -- you

17       will be on five years post-release supervision.

18       You have to pay a $1,000 fine.  You have to pay a

19       $270 mandatory surcharge and crime victims

20       assistance fee.  You also have to pay a $50 sex

21       offender registration fee and finally another $50

22       DNA fee.  So that's a total of $1370 to be taken

23       out of inmate funds or certainly any other form.

24       You have to pay that assessment.

25                 Anything further prior to sentence

Proceedings                                    38

1     being executed?

2                MR. VIRUET:  Nothing further.

3                MS. MALIK:  I ask that an order of

4     protection be issued, your Honor, in favor of --

5     Ashley Martinez.

6                I also would like to note for the

7     record Mr. Viruet did not serve me with the

8     sentencing letters he has provided to the Court.

9     I have no knowledge of them, nor have I seen

10    them.  And I believe he's supposed to serve them

11    on the People within 10 days before sentencing.

12               THE COURT:  Does A1 have the order of

13    protection?

14               MS. MALIK:  Your Honor, I showed the

15    Federal Express Airbill overnight delivery to

16    your Honor and to defense counsel, could I have

17    it back, please?

18               THE COURT:  Sure.

19               COURT CLERK:  For the record, defendant

20    is being handed a copy of his notice of right to

21    appeal (Handing)

22               *          *          *

23               CERTIFIED THAT THE FOREGOING IS A TRUE
      AND ACCURATE TRANSCRIPT OF THE ORIGINAL
24    STENOGRAPHIC MINUTES IN THIS CASE
                    MINDY S. ELGARTEN
25                  Senior Court Reporter

                                              mse