```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ABU KHAN,

                        Petitioner,

        -against-                                                    MEMORANDUM AND ORDER
                                                                     14-CV-5456 (GRB)
WILLIAM J. CONNOLLY,

                        Respondent.
----------------------------------------------------------------X
```

**GARY R. BROWN, United States District Judge:**

Petitioner ABU KHAN ("Petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a conviction and sentence for Rape in the First Degree, Sexual Conduct Against a Child in the Second Degree, Endangering the Welfare of a Child, and Sexual Abuse in the Second Degree, in violation of N.Y. Penal Law §§ 130.35[4], §130.80, § 260.10[1] and 130.60[2]) in the Supreme Court of the State of New York, County of Queens (the "trial court"). DE 13 at 6. The offenses emanated from a pattern of sexual contact with his stepdaughter, when she was between five and twelve years of age.[1] *Id.* at 5-6. On this petition, Petitioner raises several claims as follows:

- Admission of two photographs of the victim at ages 5 and 7, which petitioner claims invoked unfair prejudice;

- Failure to vacate the conviction based upon evidence discovered post-trial;

---

[1] There was a period in which the family moved to Florida before returning to Queens. While the criminal activity apparently continued, it was outside the scope of the prosecution. *See* DE 14 at 6. The record reveals that defendant, after serving his time in New York, was prosecuted for additional criminal conduct against the minor victim in Florida. In a recent filing, Petitioner attempts to raise a double jeopardy challenge regarding the subsequent Florida prosecution. DE 25. This dubious claim is not properly before this Court, as the petition predates the Florida conviction, and is not properly venued in this district. *Barnes v. Fla. Parole Comm'n*, 2004 WL 1553610, at *2 (D. Conn. July 9, 2004) ("a habeas petition may be brought in the court with jurisdiction over the prisoner or his custodian").

1

- Failure of counsel to consult with a medical expert and adequately confront concerning evidence of injury to the victim; and

- Purported prosecutorial misconduct in connection with opening statement comments, cross examinations and the time of the alleged offense.

DE 1 at 3-5.  Because each of these claims is procedurally barred and/or substantively without merit, and because none represent a procedure or decision that was contrary to, or an unreasonable application of, clearly established federal law, the petition is denied.

**BACKGROUND**

A review of the petition, filings by the Respondent and the state court record reveals that the Petitioner was convicted by a jury after trial, during which trial the prosecution introduced evidence including extensive testimony of the victim, the subject photographs (depicting the victim at the age at which the criminal conduct began), testimony by the victim's mother regarding observations of the child and changes in her demeanor, school performance and self-care, and expert testimony.  Petitioner testified in his own defense.

Following the conviction, Petitioner was sentenced to concurrent determinate prison terms of fourteen years for rape, ten years for sexual conduct, five years for endangering and one year for sexual abuse, plus post-release supervision.

The Petitioner pursued several appellate remedies in the state court system.  On a direct appeal of his conviction, the Second Department rejected arguments relating to the admission of the subject photographs as well as the admission of similar act evidence.  *People v. Khan*, 88 A.D.3d 1014, 1014-15 (2d Dep't. 2011), *leave to appeal denied*, 18 N.Y.3d 884 (2012).  Then, on a writ of *coram nobis*, the Appellate Division rejected Petitioner's claim of ineffective assistance of counsel.  *People v. Khan*, 105 A.D.3d 975 (2013), *leave to appeal denied*, 21 N.Y.3d 1005 (2013).

Petitioner has been released from prison in New York State and transferred to Florida where he pled guilty to additional sexual assaults upon his stepdaughter. He remains under New York State post-release supervision until 2023.[2]

## DISCUSSION

### Standard of Review

This petition is reviewed under the well-established standard of review of habeas corpus petitions, including the authority of this Court to review such matters, the application of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the exhaustion doctrine, the independent and adequate procedural bar, the cause and prejudice exception, AEDPA deference, the evaluation of claims of ineffective assistance of counsel and Brady violations, and the liberal construction afforded to filings by *pro se* petitioners, as more fully discussed in *Licausi v. Griffin*, 460 F. Supp. 3d 242, 255–60 (E.D.N.Y. 2020), *appeal dismissed*, No. 20-1920, 2020 WL 7488607 (2d Cir. Nov. 17, 2020). The discussion of these principles set forth in *Licausi* is incorporated herein by reference.

### The Instant Petition

As noted, Petitioner seeks habeas relief on the four grounds set forth above. Even according the petition the solicitous treatment afforded to *pro se* pleadings, none of the grounds support habeas relief. Some are rooted in state law rights that are simply not cognizable on a habeas petition and/or were denied based upon an independent and adequate state law ground,

---

[2] As a result of post-release supervision, respondent agrees that the petition is not moot. *See* DE 23 (citing *Earley v. Murray*, 451 F.3d 71, 75 (2d. Cir 2006)).

including claims regarding evidentiary rulings,[3] and purportedly inappropriate prosecutorial comments.[4]

To the extent that factually-based claims were fully considered by the state court, such determinations must be given deference by this Court under the AEDPA.[5] Petitioner cannot proceed on claims that were not fully exhausted and hence subject to the procedural bar, as Petitioner has failed to demonstrate (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Finally, based on these considerations, Petitioner's claim of ineffective assistance of counsel does not warrant relief.[6] Indeed, this claim is predicated in large part on the absence of evidence of physical injury, a fact that was repeatedly and explicitly before the jury. *See, e.g.*, Trial Tr. at 585.

While it is not properly preserved for review, substantively, Petitioner's complaint about the prosecutor's reference to his Arabic background proves meritless. During opening argument, the prosecutor noted not that the defendant was Arabic, but that the defendant's first name means "father" in Arabic, attempting to highlight the irony given his treatment of his stepdaughter. DE

---

[3] "Under Supreme Court jurisprudence, a state court's evidentiary rulings, even if erroneous under state law, do not present constitutional issues cognizable under federal habeas review." *McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 72-73 (2d Cir. 2011) (citing *Hawkins v. Costello*, 460 F.3d 238, 244 (2d Cir.2006)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Such claims do not constitute constitutional magnitude unless the evidentiary error was "so pervasive as to have denied [defendant] a fundamentally fair trial." *Collins v. Scully*, 755 F.2d 16, 18 (2d Cir. 1985).

[4] *United States v. Ferguson*, 676 F.3d 260, 283 (2d Cir. 2011) ("It is a 'rare case' in which improper comments ... are so prejudicial that a new trial is required. Such comments do not amount to a denial of due process unless they constitute 'egregious misconduct.'").

[5] For example, Petitioner's motion to vacate based upon "newly-discovered evidence" was considered and rejected by the trial court and leave to appeal was denied by the Second Department. DE 1 at 26-8.

[6] "Representation is constitutionally ineffective only if it 'so undermined the proper functioning of the adversarial process' that the defendant was denied a fair trial." *Harrington v. Richter*, 562 U.S. 86, 110 (2011). Here, by contrast, defense counsel's representation appeared to be robust.

14-3 at 333-34. The statement was subject to a contemporaneous objection by defendant's counsel which was sustained, such that the jury was obligated to disregard the argument. *Id.* Though perhaps ill-considered, any residual prejudice that might have ensued from this argument pales in contrast to the explicit, graphic sworn testimony concerning defendant's repeated sexual assault of a young child.

Thus, the petition is denied in its entirety.

**CONCLUSION**

Because the Court has considered all of Petitioner's arguments and found them meritless, the petition is DENIED. A certificate of appealability shall not issue because Petitioner has not made a substantial showing that he was denied any constitutional rights. *See* 28 U.S.C. § 2253(c)(2). I certify that any appeal of this Order as to those issues would not be taken in good faith, and thus *in forma pauperis* status is denied for the purposes of any appeal on those grounds. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and to close the case.

**SO ORDERED.**

Dated: November 4, 2021
   Central Islip, New York

                  /s/Gary R. Brown
                 HON. GARY R. BROWN
                 UNITED STATES DISTRICT JUDGE